CANTWELL MACHINERY COMPANY, Appellee and Cross–Appellant,

v.

CHICAGO MACHINERY COMPANY, Appellant and Cross–Appellee.

[Cite as *Cantwell Mach. Co. v. Chicago Mach. Co.,*
184 Ohio App.3d 287, 2009-Ohio-4548.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 08AP–1040.

Decided Sept. 3, 2009.

Onda, LaBuhn, Rankin & Boggs Co., L.P.A., Patrick H. Boggs, and Craig J. Spadafore, for appellee.

Ball & Tanoury and Ronald B. Noga, for appellant.

KLATT, Judge.

{¶ 1} Defendant-appellant, Chicago Machinery Company ("Chicago"), appeals from a judgment of the Franklin County Municipal Court granting judgment to plaintiff-appellee, Cantwell Machinery Company ("Cantwell"). For the following reasons, we affirm that judgment.

{¶ 2} In 1999, Chicago leased a 1988 Volvo A25 water truck to third-party defendant, RBD Construction ("RBD"). Pursuant to the lease terms, RBD was liable for any damage it caused to the truck except for normal wear and tear.

{¶ 3} In the summer of 2000, the truck would not start. Ron Depascale, RBD's owner, called Joe Thoeson, Chicago's president, and informed him of the problem. Thoeson told Depascale to have Cantwell repair the truck. Cantwell took possession of the truck to determine what was wrong. Cantwell's mechanic noted damage to the engine, specifically, missing teeth on the flywheel. James Lawton, Cantwell's service manager, discussed the required repairs with Thoeson and obtained his approval to fix the truck. Thoeson also told Cantwell to bill

RBD for the repairs. Cantwell repaired the truck. Ultimately, the truck was returned to Chicago in an operable condition. Chicago subsequently sold the truck.

{¶ 4} Cantwell originally billed RBD for the cost of repairs, approximately $12,000. Months later, Cantwell sent another bill for the repair work to Chicago. Neither RBD or Chicago paid the bill.

{¶ 5} On January 10, 2002, Cantwell filed a complaint in the Franklin County Municipal Court against Chicago, seeking to recover the cost of the repairs to the truck. The complaint alleged two claims: breach of an oral contract and unjust enrichment. In response, Chicago filed a third-party complaint against RBD and Depascale. Chicago claimed that RBD was liable for the repairs Cantwell had performed, pursuant to the terms of Chicago's lease agreement with RBD.

{¶ 6} A bench trial was held on March 25, 2003. Thoeson testified that he authorized Cantwell to do only an engine tune-up. He further testified that Chicago had not paid for the repairs, because he believed the engine damage was caused by operator error, not normal wear and tear. Accordingly, pursuant to the terms of its lease with RBD, he felt that RBD, not Chicago, was liable for the cost of the repairs.

{¶ 7} Lawton testified that Thoeson approved all of the repairs to the truck. He further testified that Thoeson asked him to bill RBD for the repair work because of the nature of the engine damage, although Lawton could not determine the cause of the engine damage.

{¶ 8} Depascale testified that he felt RBD was not liable for the cost of the repairs, because the damage was not caused by operator error. Rather, given the age of the truck, he believed the damage resulted from normal wear and tear.

{¶ 9} In a decision dated October 27, 2008, the trial court concluded that Cantwell and Chicago had not entered into an oral contract for the repair work. However, the trial court determined that because Cantwell repaired Chicago's truck, Cantwell was entitled to be paid for that work. Therefore, the trial court entered judgment for Cantwell on its unjust-enrichment claim against Chicago for $12,037.14. With respect to Chicago's third-party claim against RBD, the trial court found that RBD was not liable for the repairs, because Chicago did not prove that RBD caused the damage to the truck's engine. Accordingly, the trial court entered judgment in favor of RBD on Chicago's third-party claim.

{¶ 10} After Chicago filed a notice of appeal from the trial court's judgment, this court remanded the matter to the trial court instructing it to decide Cantwell's pending request for prejudgment interest. The trial court denied Cantwell's request.

{¶ 11} Chicago appeals and assigns the following errors:

■ The trial court's award of judgment to plaintiff-appellee against defendant appellant, on an unjust enrichment theory was against the manifest weight of the evidence and contrary to law, as no legal or practical benefit was conferred on appellant.

■ A delay of over five and a half years in rendering a decision after a trial to the court constitutes an abuse of discretion nullifying the judgment rendered.

■ A delay of over five and a half years between the trial to the court and a decision violates Article I, Section 16 of the Ohio Constitution rendering the judgment void.

{¶ 12} Cantwell filed a cross-appeal and assigns one cross-assignment of error:

The trial court erred as a matter of law by determining that Cantwell was not entitled to prejudgment interest, pursuant to O.R.C. 1343.03(A), upon the liquidated amounts awarded as damages on its unjust enrichment claim.

{¶ 13} Chicago contends in its first assignment of error that the trial court's judgment in Cantwell's favor on Cantwell's unjust-enrichment claim is against the manifest weight of the evidence. We disagree.

{¶ 14} In addressing Chicago's argument, we are guided by the principle that judgments supported by competent, credible evidence going to all the material elements of the case must not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus. Further, we must presume that the factual findings of the trial court are correct because the trial judge is in the best position to observe the witnesses and use those observations in weighing the credibility of the testimony. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 81, 10 OBR 408, 461 N.E.2d 1273. If the evidence is susceptible to more than one interpretation, we must construe it consistently with the trial court's judgment. *Cent. Motors Corp. v. Pepper Pike* (1995), 73 Ohio St.3d 581, 584, 653 N.E.2d 639. A reviewing court may reverse a judgment on the ground that the judgment is against the manifest weight of the evidence only if " 'the verdict is so manifestly contrary to the natural and reasonable inferences to be drawn from the evidence as to produce a result in complete violation of substantial justice.' " *Royer v. Bd. of Edn. of C.R. Coblentz Local School Dist.* (1977), 51 Ohio App.2d 17, 20, 5 O.O.3d 138, 365 N.E.2d 889, quoting *Jacobs v. Benedict* (1973), 39 Ohio App.2d 141, 144, 68 O.O.2d 343, 316 N.E.2d 898.

■ {¶ 15} In order to prove unjust enrichment, a plaintiff must establish a benefit conferred by the plaintiff upon a defendant, the defendant's knowledge of the benefit, and the defendant's retention of the benefit under circumstances where it would be unjust to do so without payment. *Kitson v. Berryman,* 10th

Dist. No. 02AP–827, 2003-Ohio-2662, 2003 WL 21196977, ¶ 18, citing *Hambleton v. R.G. Barry Corp.* (1984), 12 Ohio St.3d 179, 183, 12 OBR 246, 465 N.E.2d 1298.

{¶ 16} There is competent, credible evidence in the record to establish all material elements of Cantwell's unjust-enrichment claim. First, Lawton testified that Cantwell expended a significant amount of time and incurred costs in repairing Chicago's truck. It is undisputed that Cantwell successfully repaired the truck. The repairs benefited Chicago, the owner of the truck. Cantwell made the repairs and Chicago subsequently sold the truck. Thoeson testified that the purchaser would not have bought the truck if it had not been operable. Second, Chicago knew that its truck was not operable without the repairs and knew that Cantwell performed the repairs. Lawton also testified that Thoeson expressly approved the repairs. Chicago received an obvious benefit from Cantwell. Therefore, there was competent, credible evidence that Chicago knew it received a benefit from Cantwell and that it would be unjust for Chicago to retain the benefit without payment.

{¶ 17} Chicago contends, however, that Cantwell conferred a benefit to RBD, not Chicago, because according to Chicago, RBD was contractually obligated to pay for the repairs pursuant to the truck lease. We disagree. RBD's contractual liability was the subject of Chicago's third-party complaint. The trial court addressed that claim and concluded that RBD was not contractually obligated to pay for the repairs, because Chicago did not prove that RBD caused the damage. We also note that Chicago has not appealed that portion of the trial court's judgment. Therefore, we cannot review that issue.

{¶ 18} Because there is competent, credible evidence in the record to support the trial court's judgment, we overrule Chicago's first assignment of error.

{¶ 19} Chicago's second and third assignments of error both address the trial court's five and a half year delay in issuing a decision in this case. Therefore, we will address these assignments of error together.

{¶ 20} At the conclusion of the bench trial, the trial judge stated, "I'm going to need some time to go through this." This comment was indeed prophetic, as the trial court did not issue its decision for five and a half years. Chicago argues that such a delay was an abuse of discretion and warrants reversal of the judgment.

{¶ 21} Chicago directs our attention to two appellate court decisions that found a trial court's lengthy delay in deciding a case was an abuse of discretion. *Cellars v. McKinnon* (Sept. 1, 1989), 11th Dist. No. 4046, 1989 WL 101643; *Reynolds v. Hazelberg* (Aug. 6, 1999), 6th Dist. No. E–98–082, 1999 WL 587627. In *Cellars*, the trial court rendered a decision three years after trial. The trial court waited another three years to resolve posttrial motions. Significantly, the

trial court's decision contained little analysis of the facts or applicable law and there was no indication that the trial court could recall the evidence presented at trial after such a lengthy delay. The appellate court noted that the delay was "patently unconscionable, particularly when the final decision is rendered without any definitive rationale when the nature of the case here is analyzed in terms of the pleadings, length of hearing and complexity of the issues." Id. The court also noted that memories are bound to fade after such a delay, and that the trial court did not have the benefit of a trial transcript in rendering its decision.

{¶ 22} Here, unlike in *Cellars,* the trial court's decision reflects that the trial court had a good understanding of the facts and legal issues. The legal issues were not complicated. Although the trial court issued its decision without a transcript, at the conclusion of the trial, the trial court noted that it had 10 or 11 pages of notes. The circumstances presented in the case at bar are quite different from those in *Cellars.*

{¶ 23} Appellant's reliance on the *Reynolds* decision is also misplaced, as the court's abuse-of-discretion finding (in a footnote) was dicta. The court's basis for reversal was not the delay, but the absence of evidence indicating that a properly assigned judge reviewed the testimony and evidence presented at trial in order to properly decide a motion for new trial. We do not find that *Reynolds* is persuasive authority.

{¶ 24} This court was confronted with a claim of delay in *Walker v. Breyfogle–Schaaf* (Sept. 5, 1985), 10th Dist. No. 84AP–944, 1985 WL 10147. In that case, the trial court did not render a decision for almost two years after trial. We concluded that, although the delay was "unfortunate," it did not constitute reversible error, because the appealing party could not demonstrate prejudice. See also *Hastings v. Hastings* (Dec. 22, 2000), 6th Dist. No. E–00–016, 2000 WL 1867270 (no prejudice from trial court's delay of five years in ruling on objections to magistrate decision).

{¶ 25} Although the delay here was longer than the delay in *Walker,* Chicago has not demonstrated prejudice. Chicago claims that the delay prevented the trial court from issuing a meaningful decision. We disagree. As previously noted, the issues in this case were not complicated. The trial lasted less than a day and only three witnesses testified. The trial court noted at the end of the trial that it had 10 or 11 pages of notes. The trial court ruled in Chicago's favor on Chicago's breach of contract claim. The resolution of the unjust-enrichment claim turned on whether Chicago knew it received a benefit and whether Chicago's retention of that benefit, without paying, would be unjust. It was undisputed that Cantwell repaired the truck. Although Chicago's third-party complaint involved other issues, appellant does not challenge that portion of the trial court's judgment. Lastly, the trial court's decision reflects an informed and

meaningful factual and legal analysis of the contested issues. We acknowledge that the delay involved here is troubling. However, we also note that none of the parties inquired about the case or urged the trial court to decide the case during this inordinate delay. Given these unique facts, we find that the trial court did not abuse its discretion when it issued its decision and judgment five and a half years after the trial.

{¶ 26} Chicago also contends that the delay violated its due process right to have justice administered without delay. See Section 16, Article I, Ohio Constitution. Again, we disagree. Constitutional errors, in large part, must be disregarded if they are harmless beyond a reasonable doubt. *State v. Hill* (2001), 92 Ohio St.3d 191, 196–197, 749 N.E.2d 274; *Valan v. Cuyahoga Cty. Sheriff* (1985), 26 Ohio App.3d 166, 171–172, 26 OBR 385, 499 N.E.2d 377 (due process violation does not lead to reversal where no prejudice sustained); *In re Hitchcock* (June 22, 2000), 8th Dist. No. 76432, 2000 WL 804621 (same). Assuming without deciding that the trial court's lengthy delay violated Chicago's right to have justice administered without delay, the violation was harmless for the reasons articulated above.

{¶ 27} Although we do not condone the trial court's lengthy delay in deciding this case, we overrule Chicago's second and third assignments of error because Chicago has not demonstrated any prejudice from the delay.

{¶ 28} Last, we address Cantwell's cross-assignment of error, in which it contends that the trial court erred by denying its request for prejudgment interest. We disagree.

{¶ 29} Cantwell claims it is entitled to prejudgment interest under R.C. 1343.03(A). This statute provides:

[W]hen money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest.

{¶ 30} R.C. 1343.03(A) requires an award of prejudgment interest on contract claims. Once a plaintiff receives judgment on a contract claim and requests prejudgment interest, the trial court must award prejudgment interest under R.C. 1343.03(A). *Zunshine v. Cott,* 10th Dist. No. 06AP–868, 2007-Ohio-1475, 2007 WL 926969, ¶ 25.

{¶ 31} In the case at bar, the trial court found that no contract existed between Cantwell and Chicago, a finding Cantwell has not appealed. The trial court awarded judgment to Cantwell on its unjust-enrichment claim. This court has

determined that a claim of unjust enrichment does not support an award of prejudgment interest under R.C. 1343.03(A). *Servpro of Northeast Columbus v. Reconstruction, Inc.* (Aug. 22, 1991), 10th Dist. No. 90AP–1400, 1991 WL 224489. See also *L. Worthey Dump Truck Co. v. Glenbrook Apts.* (June 5, 1986), 8th Dist. No. 50680, 1986 WL 6362. But see *Desai v. Franklin,* 177 Ohio App.3d 679, 2008-Ohio-3957, 895 N.E.2d 875, ¶ 32 (claim for unjust enrichment allows for award of prejudgment interest pursuant to R.C. 1343.03(A)).

{¶ 32} Undaunted by the case authority from this court, Cantwell presents two arguments in support of its assignment of error. First, Cantwell argues that this court's decision in *Servpro* is no longer good law because of the Supreme Court of Ohio's subsequent decision in *Royal Elec. Const. Corp. v. Ohio State Univ.* (1995), 73 Ohio St.3d 110, 652 N.E.2d 687. We disagree.

{¶ 33} Prior to *Royal Elec.,* many appellate courts denied prejudgment interest in contract actions if the damages were unliquidated and not capable of ascertainment by reasonably certain calculation. Id. at 116, 652 N.E.2d 687. In *Royal Elec.,* the court noted that R.C. 1343.03(A) did not predicate an award of prejudgment interest on such a determination. Id. at 115, 652 N.E.2d 687. The court stated that "the focus in these types of cases should not be based on whether the claim can be classified as 'liquidated,' 'unliquidated' or 'capable of ascertainment.'" Id. at 116, 652 N.E.2d 687. Instead, the court held, a court need only ask one question to determine whether to award prejudgment interest pursuant to R.C. 1343.03(A): Has the aggrieved party been fully compensated? Id.

{¶ 34} *Royal Elec.* involved a breach-of-contract claim. Its holding regarding the significance of liquidated versus nonliquidated damages is not relevant to the determinative question in this case: whether R.C. 1343.03(A) allows for an award of prejudgment interest on a claim for unjust enrichment. Nor does *Royal Elec.* alter this court's holding in *Servpro.*

{¶ 35} Second, Cantwell argues that more recent cases from this court specifically allow for an award of prejudgment interest pursuant to R.C. 1343.03(A) for claims of unjust enrichment. See *Pritchett, Dlusky & Saxe v. Pingue* (Sept. 16, 1997), 10th Dist. No. 96APE11–1598, 1997 WL 578952, and *Katz Interests, Inc. v. Music Factory, L.L.C.,* 170 Ohio App.3d 663, 2007-Ohio-1413, 868 N.E.2d 754. Again, we disagree, as neither case specifically holds that a claim of unjust enrichment supports an award of prejudgment interest under R.C. 1343.03(A).

{¶ 36} *Pritchett* involved a plaintiff's attempt to recover damages for unpaid accounting services rendered. The trial court awarded judgment to plaintiff on its action on an account as well as its claim for quantum meruit. The trial court also awarded prejudgment interest. This court affirmed and concluded that prejudgment interest pursuant to R.C. 1343.03(A) was appropriate, although it

did not specifically indicate which claim supported such an award. However, because the plaintiff brought a claim on an account, and because R.C. 1343.03(A) allows for an award of prejudgment interest when money becomes due and payable on an account, we agree that such an award was appropriate in that case. *Pritchett* did not hold that R.C. 1343.03(A) permitted an award of prejudgment interest on a claim of unjust enrichment.

{¶ 37} In *Katz Interests,* this court found that the trial court erred by denying defendants' motion for judgment notwithstanding the verdict. We concluded that one defendant was entitled to judgment on its breach-of-contract claim. We also concluded that another defendant was entitled to judgment on its unjust-enrichment claim. Accordingly, we remanded the matter to the trial court with instructions to enter those judgments and to "determine the amount of prejudgment interest, *if any,* payable to [the defendants]." (Emphasis added.) Id. at ¶ 28. *Katz Interests* did not hold that prejudgment interest was recoverable on the judgment for unjust enrichment.

{¶ 38} This court's holding in *Servpro* has not been undercut by *Royal Elec.* or by more recent cases from this court. Accordingly, we continue to adhere to *Servpro*'s holding that R.C. 1343.03(A) does not allow for an award of prejudgment interest on a judgment for unjust enrichment. Because Cantwell received a judgment only on its claim for unjust enrichment, Cantwell was not entitled to an award of prejudgment interest under R.C. 1343.03(A). Accordingly, the trial court did not err by denying such an award. Cantwell's cross-assignment of error is overruled.

{¶ 39} In conclusion, we overrule Chicago's three assignments of error and Cantwell's one cross-assignment of error. Therefore, we affirm the judgment of the Franklin County Municipal Court.

Judgment affirmed.

FRENCH, P.J., and CONNOR, J., concur.