# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

WILDCAT DRILLING, LLC,

Plaintiff-Appellee/Cross-Appellant,

v.

DISCOVERY OIL AND GAS, LLC,

Defendant-Appellant/Cross-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 MA 0018**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 15 CV 1959

**BEFORE:**
Gene Donofrio, Carol Ann Robb, Kathleen Bartlett, Judges.

---

**JUDGMENT:**
Affirmed in part and Reversed in part.

---

*Atty. Molly Johnson*, Johnson & Johnson Law Firm, 12 West Main Street, Canfield, Ohio 44406, for Plaintiff-Appellee/Cross Appellant, and

*Atty. David Detec* and *Atty. Thomas Hull II*, Manchester Newman & Bennett, LPA, Atrium Level Two, The Commerce Building, 201 East Commerce Street, Youngstown, Ohio 44503, for Defendant-Appellant/Cross-Appellee.

Dated:
September 28, 2018

**Donofrio, J.**

{¶1}   Defendant-appellant/cross-appellee, Discovery Oil and Gas, LLC, (Discovery) appeals the judgment of the Mahoning County Common Pleas Court granting summary judgment on a breach of contract claim by plaintiff-appellee/cross-appellant Wildcat Drilling, LLC, (Wildcat). Wildcat appeals the trial court's award of damages.

{¶2}   On December 19, 2014, Discovery and Wildcat entered into a contract. Discovery hired Wildcat to drill the J. Klick #2 well (the well) in Stark County, Ohio. In return, Discovery agreed to pay Wildcat $13.85 per foot drilled and $11,000.00 per day of work on the well. The drilling was to commence on December 31, 2014. Pursuant to the contract, Discovery was required to pay any invoices submitted by Wildcat within ten days. If Discovery disputed any item on any invoice, it was required to notify Wildcat about the dispute within five days of receiving the invoice. In addition, the contract specified that Discovery was required to timely pay any undisputed portion of the invoice.

{¶3}   The contract contained multiple indemnification clauses.  One such clause, section 17.9.1 of the contract, provides:

> [Wildcat] shall assume full responsibility for and shall defend, indemnify, and hold [Discovery] and its joint owners harmless from and against any loss, damage, expense, claim, fine and penalty, demand, or liability for pollution or contamination, including control and removal thereof, that originates on or above the surface of the land or water from spills, leaks, or discharges of motor fuels, lubricants, and oils; pipe dope; paints and solvents; ballast, bilge, sludge, and garbage; and other liquids or solids in possession and control of [Wildcat]. These obligations are assumed without regard to the negligence of any party or parties.

Complaint Exhibit A.

Case No. 17 MA 0018

{¶4}    Wildcat completed drilling the well. On February 13, 2015, Wildcat sent Discovery an invoice for the drilling services provided. The invoice charged Discovery $190,350.37. At no point did Discovery pay any portion of the invoice amount.

{¶5}    The reason Discovery did not pay was because it was fined by the Ohio Department of Natural Resources (ODNR) for Wildcat's drilling practices. On January 7, 2015, an inspector from the ODNR was on the site where Wildcat was drilling the well. The inspector tested the water on the well site and determined that Wildcat was illegally using brine water in its drilling operation. Discovery was fined by the ODNR for Wildcat's supposed use of brine water while drilling the surface casing. The ODNR issued a compliance notice to Discovery and Discovery paid $50,000.00 in fines for the brine water issue. Discovery paid the ODNR in March of 2015.

{¶6}    After Discovery paid the ODNR fine, Discovery requested that Wildcat indemnify it fully for the fine. Wildcat refused. In return, Discovery refused to pay any portion of the invoice until Wildcat agreed to fully indemnify it for the ODNR fine.

{¶7}    Wildcat brought an action against Discovery asserting a breach of contract claim. Wildcat's claim is based on the fact that Discovery never timely paid the invoice. Discovery filed a counterclaim asserting breach of contract and a claim for civil liability for criminal conduct. Discovery's breach of contract claim was based on the fact that Wildcat refused to indemnify Discovery for the ODNR fine. Discovery's civil liability for criminal conduct claim stemmed from Wildcat's usage of brine water while drilling the surface casing of the well.

{¶8}    After discovery was completed, Discovery filed a motion for partial summary judgment and Wildcat filed a motion for summary judgment. Discovery's motion sought summary judgment on liability only and requested a separate hearing on damages. Discovery argued that Wildcat breached the contract by using brine water during its drilling process, which is a crime under Ohio law. Discovery also argued that Wildcat breached the contract when it failed to later indemnify Discovery pursuant to section 17.9.1 for the fine Discovery paid to the ODNR.

{¶9}    Wildcat's motion argued that Discovery breached the contract when it did not timely pay or timely dispute any portion of the invoice. Wildcat also argued that it was unaware of any fine issued by the ODNR for its practices and should not be

required to indemnify Discovery for a fine based on an alleged offense that Wildcat could not challenge or defend against.

{¶10} The trial court granted both parties' motions for summary judgment finding that both parties were in breach of the contract. The trial court found that Discovery was in breach for not timely paying the invoice and Wildcat was in breach for not indemnifying Discovery for the ODNR fine. The trial court ordered Discovery to pay Wildcat $190,350.37 less the $50,000.00 fine and expenses of $14,150.09 that Discovery incurred as a result of the fine. This came to a total of $126,200.28 that Discovery was to pay Wildcat. The trial court also ordered Discovery to pay prejudgment interest starting from February 23, 2015. Discovery timely filed this appeal on February 6, 2017. Wildcat cross appealed. Discovery now raises four assignments of error.

{¶11} Discovery's first assignment of error states:

THE TRIAL COURT ERRED IN AWARDING WILDCAT PREJUDGMENT INTEREST.

{¶12} Discovery makes three arguments pertaining to this assignment of error. First, Discovery argues that prejudgment interest was inappropriate due to a good faith dispute regarding the indemnification issue. Second, Discovery argues that Wildcat is not entitled to prejudgment interest because it is not an "aggrieved party" under R.C. 1347.03. Third, Discovery argues, in the alternative, that the trial court's award of 18% prejudgment interest is inappropriate.

{¶13} An appellate court reviews a trial court's summary judgment decision de novo, applying the same standard used by the trial court. *Ohio Govt. Risk Mgt. Plan v. Harrison*, 115 Ohio St.3d 241, 2007-Ohio-4948, 874 N.E.2d 1155, ¶ 5. A motion for summary judgment is properly granted if the court, upon viewing the evidence in a light most favorable to the nonmoving party, determines that: (1) there are no genuine issues as to any material facts; (2) the movant is entitled to judgment as a matter of law, and (3) the evidence is such that reasonable minds can come to but one conclusion and that conclusion is adverse to the opposing party. Civ. R. 56(C); *Byrd v. Smith*, 110 Ohio St. 3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 10.

Case No. 17 MA 0018

**{¶14}** "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt,* 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). The trial court's decision must be based upon "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence and written stipulations of fact, if any, timely filed in the action." Civ.R. 56(C). The nonmoving party has the reciprocal burden of specificity and cannot rest on the mere allegations or denials in the pleadings. *Id.* at 293.

**{¶15}** In *Dresher,* the Ohio Supreme Court held that a party who moves for summary judgment need not support its motion with affidavits provided that the party does not bear the burden of proof on the issues contained in the motion. *Dresher* at 277. Further, there is no requirement in Civ.R 56 that any party submit affidavits to support a motion for summary judgment. *See, e.g.,* Civ.R. 56(A) and (B). *Id.* However, there is a requirement that a moving party, in support of a summary judgment motion, specifically point to something in the record that comports with the evidentiary materials set forth in Civ.R. 56(C). *Id.*

**{¶16}** Summary judgment is appropriate when there is no genuine issue as to any material fact. A "material fact" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.,* 104 Ohio App.3d, 598, 603, 662 N.E.2d 1088 (8th Dist. 1995), citing *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

**{¶17}** Analyzing Discovery's good faith dispute argument, Discovery relies on *Dickerson v. Thompson*, 89 Ohio App.3d 399, 624 N.E.2d 784 (8th Dist.1993). In *Dickerson*, the Eighth District held that an award of prejudgment interest is not appropriate where "liability was in dispute and the amount of potential liability was not readily ascertainable because allowance of a setoff was disputed by the parties." *Id.* at 405. Discovery argues that this entire litigation concerns whether Discovery was entitled to indemnification and a setoff against Wildcat's invoice.

**{¶18}** In response, Wildcat cites article 5 of the contract. Article 5 states, in relevant part:

[Discovery] shall pay all invoices within ten (10) days after the receiving of an invoice. If [Discovery] disputes an invoice or any part thereof, [Discovery] shall, within five days of receiving an invoice, notify [Wildcat] of the disputed item, specifying the reason therefore, and payment of the disputed item may be withheld until resolution of the dispute. But timely payment shall be made on the undisputed portion of all invoices. Any sums * * * not paid within the above specified time shall bear interest at the rate of 18 percent per annum, or the maximum legal rate, whichever is higher, from the date due until paid.

Complaint, Exhibit A.

{¶19} Wildcat argues that the interest the trial court ordered Discovery to pay was the interest that was stated in the contract, 18 percent per annum.

{¶20} R.C. 1343.03(A) provides when money becomes due and payable upon, among other items, "other instrument of writing," the creditor is entitled to the federal short term rate of interest unless a contract provides for a different rate of interest. If a contract does specify a rate of interest, the creditor is entitled to the rate of interest expressed in the contract. The contract states that Wildcat was entitled to 18 percent interest per annum on any balance that was not timely paid. Because of the interest provision in the contract, appellant's first argument lacks merit.

{¶21} Addressing Discovery's aggrieved party argument, Discovery argues that because Wildcat breached the contract first by not indemnifying Discovery for the ODNR fine, Wildcat is not an "aggrieved party" entitled to prejudgment interest. Discovery relies on two cases for this argument.

{¶22} The first case is the Eleventh District's decision in *Gray v. Petronelli*, 11th Dist. No. 2016-T-0030, 2017-Ohio-2601. In *Gray*, Petronelli was a contractor hired to perform construction work for the Grays. *Id.* at ¶ 2-3. The Grays terminated Petronelli from the job due to Petronelli's deviations from the construction plans. *Id.* at ¶ 4-6. After a trial, the trial court awarded Petronelli $6,323.08. *Id.* at ¶ 14.

{¶23} Petronelli appealed arguing, among other things, that he was entitled to prejudgment interest. *Id.* at ¶ 51-53. The Eleventh District held that because Petronelli

Case No. 17 MA 0018

breached the contract, Petronelli was not entitled to prejudgment interest and was only entitled to the quantum meruit amount the trial court ordered. *Id.* at ¶ 56-57. But the contracts in this case do not include anything about interest on unpaid sums.

**{¶24}** The second case is *Protek, Ltd. v. Lake Erie Screw Corporation*, 5th Dist. No. 2005CA00018, 2005-Ohio-5958. In *Protek,* the Fifth District held that a manufacturer was not entitled to prejudgment interest pursuant to R.C. 1343.03 where the manufacturer materially breached the contract. *Id.* at ¶ 172-175. But this case does not involve a contract which provides for interest on unpaid sums.

**{¶25}** Interest rates that are a part of a contract, even if the interest rate is above what is specified in R.C. 1343.03, have been upheld. See *Ohio Valley Mall Co. v. Fashion Gallery, Inc.*, 129 Ohio App.3d 700, 719 N.E.2d 8 (7th Dist.1998), *see also Ohio Neighborhood Fin., Inc. v. Adkins*, 7th Dist. No. 09-CO-38, 2010-Ohio-3164. Furthermore, as Discovery did breach the contract, awarding prejudgment interest to Wildcat was proper pursuant to R.C. 1343.03. *Rudy v. Carter*, 8th Dist. No. 92247, 2009-Ohio-2729.

**{¶26}** Once a plaintiff prevails on a contract claim and requests prejudgment interest, the plaintiff is entitled to prejudgment interest pursuant to R.C. 1343.03(A). *Cantwell Mach. Co. v. Chicago Mach. Co.*, 184 Ohio App.3d 287, 2009-Ohio-4548, 920 N.E.2d 994 (10th Dist.). Moreover, as previously stated, the contract did provide for Wildcat to receive 18 percent interest on any unpaid sums. This is what the trial court awarded. As such, Discovery's second argument is without merit.

**{¶27}** Addressing Discovery's argument that 18 percent interest is inappropriate, Discovery argues that the trial court's judgment entry did not specify what rate of interest Wildcat is entitled to. Discovery also argues that it was entitled to withhold any disputed amounts under the contract.

**{¶28}** Article 5 of the contract specifically provides that Wildcat is entitled to 18 percent interest on all unpaid sums. It also provides that "[i]f [Discovery] disputes an invoice or any part thereof, [Discovery] shall, within five days of receiving an invoice, notify [Wildcat] of the disputed item, specifying the reason therefore, and payment of the disputed item may be withheld until resolution of the dispute."

{¶29} Discovery's argument in summation is that the entire amount of the invoice is essentially disputed because the issue of brine water contaminating the ground water could potentially subject Discovery to future damages. With future damages that Discovery may be subject to being unascertainable, the entire invoice is essentially in dispute.

{¶30} This argument lacks merit. Article five required Discovery to dispute any portion of the invoice within five days of receiving the invoice. According to the affidavit of Richard Liddle, a Wildcat employee, Wildcat did not receive any notice about disputes regarding the invoice until April 23, 2015. (Aff. of R. Liddle ¶ J). As the invoice is dated February 13, 2015, disputes should have been conveyed to Wildcat by February 18, 2015. Furthermore, Michael Ellenis, Discovery's vice president of operations, testified that he had no knowledge of anyone from Discovery contacting Wildcat about the brine issue until two or three months after the ODNR inspection on January 7, 2015. (Dep. of M. Ellenis 39-40).

{¶31} But Discovery argues that Wildcat's award of interest is inappropriate because Discovery was excused from performing on the contract due to Wildcat's breach by not indemnifying Discovery. In support of this argument, Discovery cites *Sanders v. Ohio Edison Co.*, 69 Ohio St.3d 582, 635 N.E.2d 19 (1994).

{¶32} In *Sanders*, an insurance company was bound by its policy with an insured to defend any action against the insured seeking damages payable under the policy "even if any of the allegations of the suit are groundless, false, or fraudulent". *Id.* at 586. The insurer refused to defend an action against its insured arguing that the accident that the insured caused was not covered by the policy. *Id.* at 583. The insured then settled the action and sought damages from the insurer. *Id.* at 583-584.

{¶33} The insurer argued, among other things, that the insured breached the policy by settling without insurer's assent. *Id.* at 585. The Ohio Supreme Court held that the accident was covered by the policy and the insured did not have to comply with the policy because the insurer breached the policy first. *Id.* at 585-586.

{¶34} Discovery's reliance on *Sanders* depends on when the parties breached the contract. In order for *Sanders* to apply as Discovery argues, Wildcat would need to have breached the contract first. But Discovery breached the contract first. As

previously stated, article five of the contract required Discovery to pay all invoices within 10 days of receipt or dispute any portion an invoice within 5 days. Because the invoice was issued on February 13, 2015 and Discovery never paid any portion nor disputed the invoice, Discovery breached the contract February 23, 2015.

**{¶35}** Wildcat's claimed breach was the failure to indemnify Discovery for the ODNR fine. But Discovery was not officially fined until March of 2015 and the failure to indemnify occurred after Discovery paid the fine. Because Discovery breached the contract first, Discovery's third argument lacks merit.

**{¶36}** Accordingly, Discovery's first assignment of error lacks merit and is overruled.

**{¶37}** Discovery's second assignment of error states:

> THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO WILDCAT ON THE ISSUE OF WHETHER OR NOT DISCOVERY OIL WAS ENTITLED TO STATUTORY DAMAGES UNDER O.R.C. §§ 2307.60 AND 2307.61.

**{¶38}** Discovery argues that Wildcat's use of brine water at the drilling site was a crime. As a crime, Discovery argues that it is entitled to punitive damages, attorney's fees, and costs pursuant to R.C. 2307.60. In the alternative, Discovery argues that it is entitled to triple damages pursuant to R.C. 2307.61.

**{¶39}** This assignment of error is also reviewed under the same standard of review for summary judgment set forth in the first assignment of error.

**{¶40}** In addressing R.C. 2307.61, subsection (A) of this statute allows property owners to pursue civil actions for damages from any person who damages the owner's property or who commits a theft offense. But recovery under R.C. 2307.61 is limited to claims of property damage or theft offenses. *CitiMortgage, Inc. v. Rudzik*, 7th Dist. No. 13 MA 20, 2014-Ohio-1472.

**{¶41}** Discovery's claims against Wildcat are not premised on damage to Discovery's property or on theft, they are based on breach of contract and brine water contamination. As such, Discovery is not entitled to damages pursuant to R.C. 2307.61.

**{¶42}** Addressing R.C. 2307.60, this statute provides:

Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless specifically excepted by law, may recover the costs of maintaining the civil action and attorney's fees if authorized by any provision of the Rules of Civil Procedure or another section of the Revised Code or under the common law of this state, and may recover punitive or exemplary damages if authorized by section 2315.21 or another section of the Revised Code.

R.C. 2307.60(A)(1).

{¶43} R.C. 2307.60 allows recovery in civil actions for criminal acts that injure person or property. Discovery's action against Wildcat is not premised on a criminal act that injured Discovery in person or property. Discovery's claims are based on Wildcat allegedly breaching the contract, failure to identify, and brine water contamination. In this case, Discovery met with the ODNR and paid the fine after an ODNR inspector alleged Wildcat illegally used brine water in its drilling operation. Wildcat was not notified of the ODNR's allegations in time for it to challenge the allegation nor was Wildcat given the opportunity to defend against the ODNR's charge. Thus, there is no evidence that a criminal act was ever proved in this case. As such, R.C. 2307.60 is inapplicable.

{¶44} Accordingly, Discovery's second assignment of error lacks merit and is overruled.

{¶45} Discovery's third assignment of error states:

THE TRIAL COURT ERRED IN FAILING TO SET A HEARING FOR FURTHER INDEMNIFICATION DAMAGES OWED TO DISCOVERY OIL OVER AND ABOVE THAT WHICH WAS ALREADY ASSESSED AGAINST WILDCAT.

{¶46} Discovery argues that the trial court should have held a hearing to account for R.C. 2307.60 and R.C. 2307.61 damages. Discovery also argues that it faces the possibility of even more damages if it is discovered that Wildcat's drilling practices affected the surrounding environment.

Case No. 17 MA 0018

{¶47} Whether to grant a party's request for oral hearing on a summary judgment motion is a decision within the trial court's discretion. *Hooten v. Safe Auto Ins. Co.*, 100 Ohio St.3d 8, 2003-Ohio-4829, 795 N.E.2d 648, ¶ 14. Abuse of discretion implies that the court acted in an unreasonable, arbitrary, or unconscionable manner. *State ex rel. Sartini v. Yost*, 96 Ohio St. 3d 37, 2002-Ohio-3317, 770 N.E.2d 584.

{¶48} In its motion for summary judgment, Discovery put forth evidence that it paid the ODNR a $50,000.00 fine and incurred expenses of $14,150.09 related to the fine. This was the amount the trial court deducted from its ultimate award in favor of Wildcat. There is no indication in the record that Discovery faces any other action as a result of the ODNR fine or the brine issue. With no other evidence of any other damages, the trial court's lack of a hearing on damages was not an abuse of discretion.

{¶49} Moreover, to the extent Discovery would face additional liability for the brine water issue, there is nothing in the record that indicates Discovery is precluded from seeking reimbursement from Wildcat for that issue at a later date. To the contrary, section 17.9.1 of the contract requires Wildcat to indemnify Discovery for any pollution or contamination that Wildcat causes.

{¶50} Accordingly, Discovery's third assignment of error lacks merit and is overruled.

{¶51} Discovery's fourth assignment of error states:

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF WILDCAT ON ITS INVOICE.

{¶52} Discovery argues that Wildcat should only be entitled to quantum meruit damages and not prejudgment interest. Discovery also argues that it is entitled to set-off any and all other damages caused by Wildcat's use of brine.

{¶53} This assignment of error restates arguments Discovery already made in its previous assignments of error. As such, this assignment of error does not require any additional analysis.

{¶54} Accordingly, Discovery's fourth assignment of error is overruled as moot.

{¶55} Wildcat filed a cross-appeal in which it raises one assignment of error. Wildcat's sole assignment of error states:

THE TRIAL COURT ERRED BY RULING THAT PLAINTIFF WAS REQUIRED TO INDEMNIFY DEFENDANT.

{¶56} Wildcat argues that Discovery's failure to notify it of the fine and provide Wildcat an opportunity to defend against the fine invalidates Discovery's ability to claim indemnification. Wildcat also argues that it should not be required to indemnify Discovery for the full ODNR fine because the fine greatly exceeded what is permitted under Ohio law.

{¶57} As this assignment of error challenges the trial court's award of summary judgment in favor of Discovery on its claim for indemnification, it is subject to the same summary judgment standard of review set forth earlier.

{¶58} Wildcat argues that Discovery intentionally did not inform it of the ODNR meeting where Discovery agreed to pay the fine. Wildcat argues that because it was unaware of the meeting, it was not able to defend itself and mitigate the damages and therefore should not be required to indemnify Discovery

{¶59} In support of this argument, Wildcat cites the Fourth District's decision in *Brown v. Gallagher*, 4th Dist. No. 12CA3332, 2013-Ohio-2323. In *Brown*, Brown caused an automobile accident which resulted in injuries to Gallagher, a deputy with the Ross County Sheriff's Department. *Id.* at ¶ 2. Gallagher brought a civil action against Brown for damages sustained as a result of the accident. *Id.* Prior to trial, the parties settled. *Id.* The settlement provided that Brown would pay Gallagher $87,500.00, Gallagher would release all claims against Brown, and Gallagher would indemnify Brown for "any and all claims, liability, and expense, including attorney fees, for any claim or demand of any party, and any claim or demand of any third party" resulting from the auto collision. *Id.*

{¶60} After the civil suit, Brown was criminally charged with vehicular assault for the crash where he injured Gallagher. *Id.* at ¶ 3. Brown was convicted and sentenced to 17 months in prison and ordered to pay $7,923.44 in restitution to the Ross County Sheriff's Department for payments the sheriff's department made to Gallagher. *Id.* Brown then filed a complaint against Gallagher seeking indemnification of the restitution Brown was ordered to pay. *Id.* at ¶ 4. Eventually, the parties submitted a stipulation of facts before the trial court for a full adjudication on the merits. *Id.* at ¶ 6. The trial court held that Gallagher was not required to indemnify Brown because (1) Brown failed to

provide Gallagher with notice of the claim for restitution and (2) Brown failed to provide Gallagher with an opportunity to defend against the claim for restitution. *Id.* Brown appealed.

**{¶61}** In affirming the trial court's judgment, the Fourth District relied on the requirements set out by the Ohio Supreme Court:

> [W]hen an indemnitee settles a claim, instead of litigating it, the indemnitee is entitled to indemnification if the indemnitee shows (1) that the indemnitee has given proper and timely notice to the party from whom indemnity is sought, (2) that the indemnitee was legally liable to respond to the settled claim, and (3) that the settlement was fair and reasonable.

*Id.* at ¶ 13, citing *Portsmouth Ins. Agency v. Med Hut of Ohio*, 188 Ohio App.3d 111, 2009-Ohio-941, ¶ 19, citing *Globe Indemn. Co. v. Schmitt*, 142 Ohio St. 595, 53 N.E.2d 790 (1944).

**{¶62}** The Fourth District held that Brown had a valid indemnification clause. *Id.* But Brown was not allowed to enforce it because he did not provide Gallagher notice of the restitution hearing. *Id.*

**{¶63}** *Brown* is based in large part on *Globe,* 142 Ohio St. 595. In *Globe*, the Ohio Supreme Court held that "the one seeking indemnity, after making voluntary settlement, must prove that he has given proper and timely notice to the one from whom it is sought, that he was legally liable to respond and that the settlement effected was fair and reasonable". *Id.* at 604.

**{¶64}** Attached to Discovery's motion for partial summary judgment is the affidavit of Emmanual Ellenis, Discovery's vice president of operations. This affidavit explains that Discovery felt having Wildcat present during the ODNR negotiations as a result of the fine "would only escalate tensions with [ODNR] and it would be counter-productive to negotiating a favorable settlement". (Aff. E. Ellenis ¶ 6). This indicates that Discovery intentionally did not inform Wildcat about meeting with the ODNR to settle the fine.

**{¶65}** Discovery argues that *Globe* and its progeny are based on common law indemnification and not contractual indemnification. Discovery cites *Shelly Co. v. Karas Properties, Inc.*, 8th Dist. No., 98039, 2012-Ohio-5416 in support of its argument. In

*Shelly*, Shelly leased property from Karas. *Id.* at ¶ 3. The lease contained an indemnification clause where Karas agreed to indemnify Shelly "from any and all fines, costs of cleanup or any costs incidental to or a consequence of any environmental violations arising out of Lessor's or any or all of its predecessor's prior use or ownership of the premises, without limitation". *Id.* at ¶ 4. Shelly and Karas were both fined by the City of Cleveland for illegally placed culverts on the property. *Id.* at ¶ 5. After negotiations, Shelly and Karas each paid $10,650.00 in fines. *Id.* at ¶ 6-7.

**{¶66}** Shelly then brought an action against Karas seeking indemnification pursuant to the lease agreement. *Id.* at ¶ 8. The trial court eventually granted summary judgment to Shelly on the indemnification issue and a trial was held on Shelly's other counts. *Id.* at ¶ 9-11. Karas appealed.

**{¶67}** On appeal, Karas argued that Shelly did not comply with the *Globe* requirements. *Id.* at ¶ 24. The Eighth District held that *Globe* did not apply in a landlord tenant dispute regarding a commercial lease because *Globe* "involved an insurance company's right to subrogation after adjusting claims brought against its insured and its insured's codefendant, who was jointly liable to an injured third party". *Id.* at ¶ 24. The Eighth District went on to say that Karas' failure to indemnify Shelly was a breach of the lease. *Id.* at ¶ 25.

**{¶68}** *Shelly* is distinguishable from the case at bar. In *Shelly*, both parties were fined by the City for violations. Both parties were likewise included in the settlement negotiations. In the present case, however, Wildcat was not fined by the ODNR and was not privy to the meeting between Discovery and the ODNR regarding the fine.

**{¶69}** We find *Brown* and *Globe* applicable to the case at bar. Like *Brown*, there was a written indemnification agreement between Discovery and Wildcat, Discovery met with the ODNR to discuss the fine regarding Wildcat's drilling practices, Discovery agreed to a fine, and then Discovery sought indemnification from Wildcat. Because Wildcat was not notified of the ODNR meeting or given the opportunity to appear at the meeting, Discovery is not entitled to indemnification.

**{¶70}** Accordingly, Wildcat's sole assignment of error has merit and is sustained.

**{¶71}** For the reasons stated above, the trial court's judgment granting Wildcat's motion for summary judgment is hereby affirmed. The trial court's judgment granting

Case No. 17 MA 0018

Discovery's motion for summary judgment is reversed. The trial court's award of damages is modified. Discovery is ordered to pay Wildcat the amount of the invoice, which is $190,350.37, plus 18 percent interest from February 23, 2015.



Robb, P. J., concurs

Bartlett, J., concurs

---

For the reasons stated in the Opinion rendered herein, Discovery's four assignments of error are without merit and are overruled. Wildcat's sole assignment of error has merit and is sustained. It is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio granting Wildcat's motion for summary judgment is hereby affirmed. The judgment granting Discovery's motion for summary judgment is hereby reversed. Discovery is ordered to pay the full amount of the invoice, which is $190,350.37, plus prejudgment interest at 18 percent from February 23, 2015. Costs to be taxed against Discovery.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**