DECISION
{¶ 1} Plaintiff-appellee, Jeanne C. Grothaus ("Grothaus"), has applied for reconsideration of this court's judgment in Grothaus v. Warner, Franklin App. No. 08AP-115, 2008-Ohio-5563. Defendant-appellant, Clint A. Warner dba Quality Irrigation *Page 2 
Systems ("Warner"), has filed a memorandum in opposition, and the application is now submitted to this court for decision.
 {¶ 2} App. R. 26, which authorizes applications for reconsideration in the appellate courts, "provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law."State v. Owens (1996), 112 Ohio App.3d 334, 336. An application for reconsideration may not be used where a party simply disagrees with the appellate court's logic or conclusions. Id. While App. R. 26 does not provide specific guidelines for an appellate court to use when determining whether to reconsider or modify an opinion, the test generally applied is whether the motion calls to the court's attention an obvious error in its decision or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. Columbus v. Hodge (1987),37 Ohio App.3d 68, citing Matthews v. Matthews (1981), 5 Ohio App.3d 140, paragraph two of the syllabus. Here, Grothaus contends that this court failed to consider the trial court's entry of judgment in her favor on her unjust enrichment claim before reversing the judgment in its entirety.
 {¶ 3} Grothaus' amended complaint asserted claims against Warner for breach of contract, breach of express and implied warranties, unjust enrichment, and violation of the Consumer Sales Practices Act ("CSPA"), R.C. 1345.01 et seq., arising out of Warner's installation of a lawn irrigation system pursuant to a contract with Ken Curtin ("Curtin"). After a bench trial, the trial court dismissed Grothaus' CSPA claim as time-barred. Further, after concluding that Grothaus was a proper party, the trial court found that Grothaus was entitled to recover against Warner "on all of the remaining theories." *Page 3 
The trial court awarded damages of $12,650, plus interest and costs, but did not assign the damages to any particular claim or theory of recovery. The damage award includes the $4,150 contract price, $4,500 that Grothaus paid a plumber to check and replace the water service line from the curb to the house, and $4,000 as the cost to "remediate" the irrigation system.
 {¶ 4} Warner appealed from the trial court's judgment, and, in our prior opinion, we determined that Grothaus was not a party to the contract between Warner and Curtin and that Grothaus had not demonstrated that she was a successor in interest to Curtin's contractual rights. We stated: "Because the evidence before the trial court did not establish that Grothaus has standing to maintain her claims against Warner arising from the contract, we conclude that the court erred in finding that Grothaus was a proper party and in entering judgment in her favor." Based on that finding, we reversed the entirety of the trial court's judgment in favor of Grothaus.[1]
 {¶ 5} In her application for reconsideration, Grothaus argues that this court did not address the judgment on her unjust enrichment claim as a basis for affirming the trial court because Warner's assignments of error did not address that claim. Specifically, Grothaus maintains that Warner did not challenge the judgment on her unjust enrichment claim on appeal and that this court should have affirmed the trial court's judgment based on that claim, even if she lacked standing to maintain claims arising out of the contract. Grothaus contends that the evidence before the trial court established each element of unjust enrichment. In response, Warner argues that Grothaus' unjust enrichment claim fails on its merits because the contract between *Page 4 
Curtin and Warner bars an unjust enrichment claim and because Grothaus did not prove the elements of unjust enrichment. Thus, in essence, both parties invite this court to review the merits of Grothaus' unjust enrichment claim.
 {¶ 6} First, we agree with Grothaus that Warner did not challenge the trial court's entry of judgment on her unjust enrichment claim in his appeal. Although Warner requested reversal of the trial court's judgment in its entirety, his assignments of error and arguments on appeal related exclusively to Grothaus' contract-based claims. Warner's first assignment of error specifically alleged that the trial court erred in finding a breach of contract, and his fourth assignment of error specifically dealt with the enforceability of Warner's express warranty. While Warner's second assignment of error asserted that the trial court erred in determining the amount of damages, his arguments were based on the measure of damages for breach of contract. Lastly, while Warner's third assignment of error concerned Grothaus' status as a proper party to maintain this action, the arguments there under involved only Grothaus' standing to maintain a breach of contract action, either as a successor in interest or a party to the contract.
 {¶ 7} Our conclusion that Grothaus was neither a party to the contract, a successor in interest to rights under the contract, nor a third-party beneficiary to the contract does not necessarily preclude a judgment in her favor for unjust enrichment. Accordingly, that finding, by itself, did not warrant reversal of the trial court's judgment in favor of Grothaus based on unjust enrichment.
 {¶ 8} A claim for unjust enrichment arises not from a true contract, but from a contract implied in law, or quasi contract. Hummel v.Hummel (1938), 133 Ohio St. 520, *Page 5 
525-528. "The doctrine of unjust enrichment provides an equitable remedy, under which the court implies a promise to pay a reasonable amount for services rendered where a party has conferred a benefit on another without receiving just compensation for his or her services. Thus, under the theory of quantum meruit, a party may recover compensation in the absence of a contract where an unjust enrichment would result if the recipient were permitted to retain the benefit without paying for it." Banks v. Nationwide Mut. Fire Ins. Co. (Nov. 28, 2000), Franklin App. No. 99AP-1413, citing Paugh Farmer, Inc. v.Menorah Home for Jewish Aged (1984), 15 Ohio St.3d 44, and Fox Assoc.Co., L.P.A. v. Purdon (1989), 44 Ohio St.3d 69.
 {¶ 9} We decline to address the merits of Grothaus' unjust enrichment claim on a motion for reconsideration. The trial court clearly entered judgment in favor of Grothaus on her unjust enrichment claim, and, on appeal, Warner did not argue any error with respect to the judgment on that claim. Accordingly, despite our conclusion that Grothaus was not entitled to maintain claims arising out of the contract, the trial court's judgment on Grothaus' unjust enrichment claims stands unchallenged. However, we may not simply affirm the trial court's judgment on that basis.
 {¶ 10} The trial court's judgment included damages not only for unjust enrichment, but also for breach of contract and breach of warranties, claims that this court has concluded Grothaus could not properly maintain. Because the trial court's judgment entry does not specify the damages awarded with respect to each claim, we must remand this matter for a determination of the amount of damages Grothaus is entitled to recover under the theory of unjust enrichment. It is clear that damages for unjust enrichment are calculated differently than damages for breach of contract. City *Page 6 of Girard v. Leatherworks Partnership, Trumbull App. No. 2004-T-0010,2005-Ohio-4779, citing Shaw v. J. Pollock Co. (1992),82 Ohio App.3d 656, 662. A party that establishes a breach of contract is entitled to the "`benefit of his bargain.'" City of Girard, citing Garofalo v.Chicago Title Ins. Co. (1995), 104 Ohio App.3d 95, 108. "However, unjust enrichment entitles a party only to restitution of the reasonable value of the benefit conferred." Blue Chip Pavement Maintenance, Inc. v.Ryan's Family Steak Houses, Inc., Clermont App. No. CA2003-09-072, 2004-Ohio-3357, ¶ 18, citing St. Vincent Med. Ctr. v. Sader (1995),100 Ohio App.3d 379. U.S. Health Practices, Inc. v. Byron Blake, M.D.,Inc. (Mar. 22, 2001), Franklin App. No. 00AP-1002.
 {¶ 11} Portions of the trial court's damages award, including the costs to "remediate" the irrigation system and Grothaus' payment to another plumber, are seemingly unrelated to the amount of the benefit conferred upon Warner. Moreover, it is unclear whether the trial court found that the entire $4,150 contract price was, in fact, the amount of the benefit conferred upon Warner. Therefore, we must remand this matter for a determination of the damages due Grothaus on her claim for unjust enrichment.
 {¶ 12} For the foregoing reasons, we grant Grothaus' application for reconsideration of our prior judgment. Upon reconsideration, we limit our reversal of the judgment on Grothaus' claims to those claims arising out of the contract, specifically her claims for breach of contract and breach of warranties. Because Warner did not challenge the trial court's judgment on Grothaus' claim for unjust enrichment in either his assignments of error or his arguments on appeal, we find that the trial court's unjust enrichment judgment remains in effect. Accordingly, we reverse the trial court's *Page 7 
judgment on Grothaus' breach of contract and breach of warranty claims, affirm the trial court's judgment on Grothaus' unjust enrichment claim, and remand this matter to the trial court for a determination of Grothaus' damages for unjust enrichment.
Application for reconsideration granted; judgment affirmed in part,reversed in part, and cause remanded with instructions.
PETREE, J., concurs. TYACK, J., concurs in part and dissents in part.
[1] We affirmed the trial court's judgment in favor of Warner on Grothaus' CSPA claim.