OPINION *Page 2 
{¶ 1} Defendant-Appellant appeals the April 30, 2008, decision of the Tuscarawas County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 22, 2003, plaintiff-appellee James Wallick initiated this action seeking damages arising out of defendant-appellant Debbie Lent's alleged breach of contract. The parties had entered into an agreement whereby appellee was to provide D.J. and karaoke services at appellant's bar. Appellee's complaint alleged damages in the amount of $16,895.00, the balance owed on the contract, $4,200.00 for the unauthorized use of his equipment and $1,380.00 for work performed.
 {¶ 3} Appellant timely appeared and filed a counterclaim for breach of contract against appellee.
 {¶ 4} On August 5, 2005, appellant's counsel filed a motion for leave to withdraw as counsel. Following a status hearing on the motion, the trial court, by Judgment Entry dated August 16, 2005, granted counsel's motion.
 {¶ 5} A bench trial was conducted on August 19, 2005. Appellant did not appear for the trial.
 {¶ 6} By Judgment Entry filed August 23, 2005, the trial court entered judgment in appellee's favor and vacated a prior sanction against appellee for appellee's failure to appear at a scheduled mediation.
 {¶ 7} Appellant appealed the August 23, 2005 Judgment Entry to this Court. (See 2005AP090065). In an Opinion dated September 25, 2006, this Court dismissed Appellant's appeal finding that the trial court's August 23, 2005, Judgment Entry was not *Page 3 
a final appealable order in that such did not specifically determine appellant's counterclaim, stating:
 {¶ 8} "While we recognize there is but one consistent disposition of appellant's counterclaim in light of the trial court's conclusion relative to appellee's claims, we nevertheless find this Court is without jurisdiction to hear the within appeal."
 {¶ 9} On October 11, 2006, subsequent to the remand to the trial court, appellant filed a "Motion for Ruling on the Counterclaim per 9-25-06. 5th Circuit [sic] Court of Appeals reverse and remand/Consolidated with Motion for R. 56(c) summary Judgment on Counterclaim."
 {¶ 10} On November 13, 2006, appellee filed a Memorandum in opposition to appellant's motion.
 {¶ 11} An oral hearing was held on said Motion on November 13, 2006, with counsel for both parties present.
 {¶ 12} On November 22, 2006, appellant filed a "Motion for a Jury Trial on the Original Action Consolidated with Motion for a Jury Trial on the Counterclaim."
 {¶ 13} On November 27, 2006, appellant filed a "Response/Rebuttal to Plaintiff's Memorandum Opposing Motion for Summary Judgment."
 {¶ 14} On December 1, 2006, appellant filed a Motion for Reconsideration and for Hearing on Counterclaim.
 {¶ 15} On December 11, 2006, the trial court held an oral hearing on appellant's motion for reconsideration with counsel for both parties present.
 {¶ 16} By Judgment Entry filed April 30, 2008, the trial court found appellant's motion for summary judgment on her counterclaim to have been filed untimely and *Page 4 
found same to be not well-taken. The trial court likewise overruled appellant's Motion for Jury Trial on Original Action Consolidated with Motion for Jury Trial on the Counterclaim as having not been timely filed. The trial court also denied appellant's motion for reconsideration.
 {¶ 17} Additionally, the trial court issued a Nunc Pro Tunc Entry, dated April 30, 2008, regarding the Bench trial held on August 15, 2005, to allow for complete findings and decisions on both the Complaint and the Counterclaim. In said Entry, the trial court made the following findings:
 {¶ 18} "1. James Wallick is the owner of Five Star Entertainment, a business providing disc jockey and karaoke services.
 {¶ 19} "2. Plaintiff signed a Contract, identified as Plaintiffs Exhibit "1", with Debbie K. Lent on February 15, 2002. The Contract provided for DJ and Karaoke services by Five Star Entertainment from March, 2002 to March, 2003. The parties agreed to payment in the amount of Five Hundred Forty-five Dollars ($545.00) per week for the services.
 {¶ 20} "3. The Contract contains no term indicating that the owner of Five Star Entertainment would perform these services.
 {¶ 21} "4. On August 12, 2002, the Defendant terminated the contractual relationship with the Plaintiff.
 {¶ 22} "5. The Plaintiff testified that he provided services from March, 2002 until August 12, 2002. This period is a total of twenty-three (23) weeks. The Plaintiff testified that he calculated his time on a twenty-one (21) week basis. *Page 5 
 {¶ 23} "6. The remainder of the one (1) year contract would be twenty-nine (29) weeks at the rate of Five Hundred Forty-five Dollars ($545.00) per week, leaving Fifteen Thousand Eight Hundred Five Dollars ($15,805.00) unpaid on the contract.
 {¶ 24} "7. Plaintiff testified that he had performed services which remain unpaid in the amount of One Thousand Three Hundred Eighty Dollars ($1,380.00).
 {¶ 25} "8. Plaintiff left his equipment at the Ugly Mug Tavern when he was not performing services. During that time, Defendant would use the equipment. Plaintiff testified that he seeks Four Thousand Two Hundred Dollars ($4,200.00) for the use of his equipment during time it remained at the Ugly Mug Tavern. The Plaintiff calculated this amount based upon a Ten Dollars ($10.00) per hour rental at twenty (20) hours per week, for a period of twenty-one (21) weeks.
 {¶ 26} "9. Plaintiff testified that his usual rental rate for the equipment is One Hundred Dollars ($100.00) per hour, but he was requesting less due to the contractual relationship he had with the Defendant."
 {¶ 27} The trial court also made the following findings:
 {¶ 28} "Based upon the foregoing Findings of Fact and Conclusions of Law, the Court FINDS that the Defendant breached the contract with the Plaintiff by terminating the services of the Plaintiff before the Contract term expired, and that the Plaintiff suffered a loss of the additional twenty-nine (29) weeks of payment for services.
 {¶ 29} "The Court FINDS that the Defendant breached the contract by failing to pay for services performed. *Page 6 
 {¶ 30} "The Court FINDS that the Defendant was unjustly enriched by retaining the benefit of the Plaintiffs equipment without expense to her, and the amount of the award sought by Plaintiff is reasonable.
 {¶ 31} "The Court FINDS that prejudgment interest is appropriate for the amounts due or to be paid pursuant to the contract.
 {¶ 32} "The Court FINDS that prejudgment interest cannot be awarded on the equitable remedy of unjust enrichment for use of the equipment.
 {¶ 33} "The Court FINDS that the Contract does not support the breach alleged in the Counterclaim, as there is no term regarding the identity of the Five Star Entertainment employee who would appear.
 {¶ 34} "The Court FINDS that the Plaintiff stopped performance under the Contract after August 12, 2002, due to the actions of the Defendant. Specifically, Defendant's termination of the Plaintiffs services created an impossibility of performance for which the Defendant cannot now recover damages.
 {¶ 35} "The Court FINDS that the Defendant has failed to meet her burden of proof on the Counterclaim.
 {¶ 36} "It is therefore ORDERED that judgment shall be granted in favor of the Plaintiff, James Wallick, against Defendant, Debbie K. Lent, in the amount of Seventeen Thousand One Hundred Eighty-five Dollars ($17,185.00), for breach of contract.
 {¶ 37} "It is further ORDERED that judgment shall be granted in favor of the Plaintiff against the Defendant in the amount of Four Thousand Two Hundred Dollars ($4,200.00) for unjust enrichment. *Page 7 
 {¶ 38} "It is further ORDERED that the One Hundred Fifty Dollars ($150.00) for attorney fees that was ordered to be paid by Plaintiff to Defendant by Judgment Entry dated August 17, 2004, shall be vacated.
 {¶ 39} "It is ORDERED that prejudgment interest shall be awarded at the appropriate Annual Certified Interest Rate from August 12, 2002, upon the award for breach of contract only.
 {¶ 40} "It is ORDERED that the claims set forth in the Defendant's Counterclaim shall be denied."
 {¶ 41} It is from this judgment entry Appellant appeals, raising the following assignments of error:
 ASSIGNMENTS OF ERROR {¶ 42} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN PERMITTING DEFENDANT-APPELLANT DEBBIE K. LENT'S COUNSEL TO WITHDRAW AND THEREAFTER PROCEEDING TO TRIAL IN APPELLANT'S ABSENCE AND GRANTING JUDGMENT AGAINST HER.
 {¶ 43} "II. THE TRIAL COURT ERRED IN DISMISSING DEFENDANT-APPELLANT DEBBIE K. LENT'S COUNTERCLAIM WITH PREJUDICE, WITHOUT NOTICE OR OPPORTUNITY TO BE HEARD.
 {¶ 44} "III. THE JUDGMENTS AGAINST DEFENDANT-APPELLANT DEBBIE K. LENT ON THE COMPLAINT AND COUNTERCLAIM ARE MANIFESTLY AGAINST THE WEIGHT OF THE EVIDENCE AND ARE NOT SUPPORTED BY THE EVIDENCE SUCH THAT THEY MUST BE OVERTURNED." *Page 8 
 I. {¶ 45} In her first assignment of error, Appellant argues that the trial court abused its discretion in allowing her trial counsel leave to withdraw and in commencing the trial in her absence. We disagree.
 {¶ 46} This Court reviews the trial court's decision on a motion to withdraw as counsel under an abuse of discretion standard. Id. An abuse of discretion implies more than an error in judgment; it connotes unreasonable, arbitrary, or unconscionable conduct on the trial court's part. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Under this standard, an appellate court may not merely substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St .3d 619, 621.
 {¶ 47} A review of counsel's motion to withdraw reveals that said motion was filed in response to Appellant Lent's communicating to counsel that she no longer desired his representation. The notice of service attached to said motion states that a copy was sent to Appellant Lent. Appellant likewise was served with a copy of the Judgment Entry granting said motion to withdraw. We therefore find no error in allowing counsel to withdraw.
 {¶ 48} We further find no error in the trial court commencing an ex parte trial when Appellant failed to appear. The trial date in this matter had originally been set for November 5, 2004, was continued to April 29, 2005 upon motion of plaintiff and then continued to August 19, 2005, upon motion of Appellant.
 {¶ 49} As a general rule, "once a person becomes a party to an action, he has a duty to check on the proceedings of the court to assure that he will be at the hearings or trial." Ketchum v. Hoffman (May 26, 1994), Franklin App. No. 93APE09-1270, citing *Page 9 Ries Flooring Co., Inc. v. Dileno Constr. Co. (1977),53 Ohio App.2d 255; Metcalf v. Ohio State Univ. Hosp. (1981), 2 Ohio App .3d 166. "It is the duty of a party, once he has been made a party to an action, to keep himself advised of the progress of the case and of the dates of hearings, including the date of trial, and that there is no duty upon the court or its clerk to notify a party of the date set for trial."Metcalf v. Ohio State Univ. Hosp. (1981), 2 Ohio App.3d 166.
 {¶ 50} "Ex parte trials" are reserved for those occasions when the defendant answers the complaint but fails to appear for trial. OhioValley Radiology Assoc, Inc. v. Ohio Valley Hosp. Assn. (1986),28 Ohio St.3d 118, 122, 502 N.E.2d 599.
 {¶ 51} Accordingly, we find that the trial court's proceedings on August 19, 2005, in appellant's absence, did not violate her right to due process of law and were not in error.
 {¶ 52} Appellant's first assignment of error is overruled.
 II. {¶ 53} In her second assignment of error, defendant-appellant argues that the trial court erred in dismissing her counterclaim without notice or an opportunity to be heard. We disagree.
 {¶ 54} In her counterclaim, defendant-appellant averred that plaintiff-appellee failed to appear and perform on a number of scheduled occasions and allowed others to perform for him on other occasions, causing damage to Defendant-Appellant's business.
 {¶ 55} As set forth above, defendant-appellant failed to appear at the scheduled trial in this matter and therefore failed to present any evidence in support of her *Page 10 
counterclaim. The trial court therefore found, in its April 30, 2008, Nunc Pro Tunc Judgment Entry, that appellant failed to meet her burden of proof on her counterclaim.
 {¶ 56} As no evidence was in fact presented and review of the record supports the trial court's finding, we find no error in the trial court's denial of appellant's counterclaim.
 {¶ 57} Appellant's second assignment of error is overruled.
 III. {¶ 58} In her third assignment of error, appellant argues that the judgments against her are manifestly against the weight of the evidence. We disagree.
 {¶ 59} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, 376 N.E.2d 578. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court.Myers v. Garson (1993), 66 Ohio St.3d 610, 614 N.E.2d 742.
 {¶ 60} In reviewing a claim of insufficient evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
 {¶ 61} Generally, in order to establish a breach of contract, it must be shown by a preponderance of the evidence that (1) a contract existed, (2) one party fulfilled his obligations, (3) the other party failed to fulfill his obligations, and (4) damages resulted *Page 11 
from that failure. Spano Bros. Constr. Co., Inc. v. Adolph Johnson SonCo., 9th Dist. No. 23405, 2007-Ohio-1427, 2007 WL 912229, ¶ 12, citingLawrence v. Lorain Cty. Community College (1998), 127 Ohio App.3d 546,548-549, 713 N.E.2d 478. In cases where the facts are undisputed, and the only question to be resolved is whether a breach of contract occurred, a question of law exists for the court to decide. FarmersMarket Drive-In Shopping Ctrs., Inc. v. Magana, 10th Dist. No. 06AP-532,2007-Ohio-2653, 2007 WL 1560276, ¶ 32.
 {¶ 62} Upon review of the record, we find evidence was presented that the parties entered into a contract for disc jockey services, that appellant failed to pay for services which were performed, and that appellant was unjustly enriched by retaining appellee's equipment. We likewise find appellee presented evidence in support of his claims for damages and unjust enrichment.
 {¶ 63} Based on the record, we find the trial court's findings were not against the manifest weight and sufficiency of the evidence. *Page 12 
 {¶ 64} Appellant's third assignment of error is overruled.
 {¶ 65} For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is affirmed.
Wise, J., Edwards, J., concurs.
Hoffman, P. J., concurs separately. *Page 14 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.
Costs assessed to appellant. *Page 13