**[Cite as *Certain Care, L.L.C. v. Mikitka*, 2020-Ohio-3544.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| CERTAIN CARE, LLC | | C.A. No.     19CA011544 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ELVIRA MIKITKA | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No.     17CV193941 |

DECISION AND JOURNAL ENTRY

Dated: June 30, 2020

TEODOSIO, Judge.

{¶1}   Elvira Mikitka appeals the judgment of the Lorain County Court of Common Pleas granting judgment in favor of Certain Care, LLC.  We affirm.

I.

{¶2}   Certain Care, LLC, is a home health care company started by Ellen Denise Turner. Although the vast majority of its clients are provided service directly in their homes, Certain Care also has a facility where it can provide residential care to a single client.  Elvira Mikitka was provided residential care at the facility from August 26, 2017, through October 8, 2017, a period of time that also included a temporary hospital stay during which she did not receive care at the facility.  In December 2017, Certain Care filed a complaint for breach of contract and unjust enrichment, seeking payment for the services it had rendered.  The case proceeded to a bench trial, during which Certain Care chose to dismiss its breach of contract claim and proceeded solely on its claim for unjust enrichment.  Ms. Turner offered testimony in support of her claim, providing

testimony as to the hourly rate of the services provided, as well as the number of hours of worked. Three bills were introduced into evidence to that effect. Ms. Mikitka and certain of her family members testified for the defense, disputing that any agreement had been reached as to the cost of the services and disputing that they had been provided with any bills for those services.

{¶3}  The trial court found in favor Certain Care and granted judgment against Ms. Mikitka in the amount of $20,124.50, which it determined to be the reasonable value of the services provided. Ms. Mikitka now appeals, raising two assignments of error.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT'S CALCULATION OF DAMAGES TO THE PLAINTIFF
WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

{¶4}  In her first assignment of error, Ms. Mikitka argues the trial court erred because its calculation of damages was not supported by sufficient evidence because the trial court did not adhere to the legal definition of "reasonable value." We disagree.

{¶5}  Sufficiency has been described as "a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 11, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In essence, sufficiency is a test of adequacy. *Id. Accord Baaron, Inc. v. Davidson*, 9th Dist. Wayne No. 13CA0050, 2015-Ohio-4217, ¶ 13; *Lynch v. Greenwald*, 9th Dist. Summit No. 26083, 2012-Ohio-2479, ¶ 20. "[A] challenge to the sufficiency of the evidence asks whether the plaintiff has met his or her burden of production by proving each element by a preponderance of the evidence." *Lynch* at ¶ 20. "When a defendant argues that the judgment in a civil case is supported by insufficient evidence, we must determine whether, viewing the evidence in the light most favorable

to the plaintiff, a reasonable trier of fact could find in favor of the plaintiff." *Lubanovich v. McGlocklin*, 9th Dist. Medina No. 12CA0090-M, 2014-Ohio-2459, ¶ 8.

{¶6}     In support of her argument, Ms. Mikitka points to *Clifton v. Johnson*, 4th Dist. Pickaway No. 18CA13, 2019-Ohio-2702.  In *Clifton*, the appellants argued the trial court erred in awarding contract damages on an unjust enrichment claim instead of the reasonable value of the benefit conferred.  *Id.* at ¶ 16.  The Fourth Appellate District noted that "'[b]ecause recovery for unjust enrichment does not rest upon the intentions of the parties, damages for unjust enrichment are calculated differently from damages for breach of contract.'"  *Id.* at ¶ 19, quoting *Blue Chip Pavement Maintenance, Inc. v. Ryan's Family Steak Houses, Inc.*, 12th Dist. Clermont No. CA2003-09-072, 2004-Ohio-3357, ¶ 18.  The Fourth Appellate District further stated that because an unjust enrichment claim is intended not to compensate the plaintiff for any loss or damage suffered by him but to compensate him for the benefit he has conferred on a defendant, a party may recover the reasonable value of services in the absence of an express contract if denying such recovery would unjustly enrich the opposing party.  *Id.*  The Court noted that the reasonable value conferred is the monetary amount expended for the services provided and materials used by the plaintiff to the benefit of the defendant.  *Id.*  The Court concluded: "We agree that evidence of profits could be used to assist a trial court in determining quantum meruit, but Appellees can be compensated for an unjust enrichment claim only in the amount of the reasonable value of the services or materials conferred by Appellees upon the Appellants, not the 'benefit-of-the-bargain' compensation from a contract to which Appellees are not a party."  *Id.* at ¶ 21.  The Court further explained: "Appellees were not a party to this contract, and therefore have no right under their unjust enrichment claim to recover an expectation interest or benefit of the bargain damages from that contract."  *Id.* at ¶ 22.

{¶7} Other Ohio Appellate Districts have similarly held that unjust enrichment entitles a party to restitution of the reasonable value of the benefit conferred, and this proposition of law is well-established. *See, e.g., Weiper v. W.A. Hill & Assoc.,* 104 Ohio App.3d 250, 261 (1st Dist.1995); *Fortney v. McQuillen*, 5th Dist. Ashland No. 19-COA-025, 2019-Ohio-4941, ¶ 20; *Schaste Metals, Inc. v. Tech Heating & Air Conditioning, Inc.*, 8th Dist. Cuyahoga No. 71589, 1997 WL 449989, *3 (Aug. 7, 1997); *Grothaus v. Warner*, 10th Dist. Franklin No. 08AP-115, 2008-Ohio-6683, ¶ 10; *City of Girard v. Leatherworks Partnership*, 11th Dist. Trumbull No. 2004-T-0010, 2005-Ohio-4779, ¶ 41; *Blue Chip Pavement Maintenance* at ¶ 18. *Accord Hughes v. Oberholtzer*, 162 Ohio St. 330, 335 (1954) (stating that purpose of a quasi-contract action is to compensate the plaintiff for the reasonable worth of the benefit received by the defendant).

{¶8} Ms. Mikitka argues that Certain Care failed to provide evidence of the reasonable value of the services, and that therefore, the trial court erred in awarding damages reflecting the total of three bills produced by Certain Care. She argues such a calculation reflects damages as if they had been awarded on a breach of contract claim for the "benefit-of-the-bargain" as opposed to the reasonable value of the services conferred.

{¶9} Ms. Turner testified that she had been in the business of home health care for 28 years and had formed her own company, Certain Care, in 2007. She testified her standard rate for around-the-clock caregiving, including skilled nursing care, was $22.00 per hour. She further testified that a competitor's rates were $22.00 to $25.00 per hour, and that her rates were consistent, or "a little bit under," the industry standard in Northeastern Ohio. No objections were made to this testimony. Three bills were introduced into evidence reflecting this hourly rate and the number of hours of care provided.

{¶10} In viewing the evidence in the light most favorable to the plaintiff, Certain Care, we conclude a reasonable trier of fact could find in favor of the plaintiff that the value of damages was $20,124.50. Ms. Turner's testimony provided evidence of the reasonable value of the services, and she met her burden of production by proving damages by a preponderance of the evidence. The possibility that the amount may have been similar or identical to a contracted price, had there been a contract, does not diminish the sufficiency of the evidence to determine the reasonable value of the benefit conferred.

{¶11} Ms. Mikitka's first assignment of error is overruled.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT'S CALCULATION OF DAMAGES TO THE PLAINTIFF
IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶12} In her second assignment of error, Ms. Mikitka argues the trial court erred because its calculation of damages was against the manifest weight of the evidence. We disagree.

{¶13} "[B]efore an appellate court will reverse a judgment as against the manifest weight of the evidence in a civil context, the court must determine whether the trier of fact, in resolving evidentiary conflicts and making credibility determinations, clearly lost its way and created a manifest miscarriage of justice. *Boreman v. Boreman*, 9th Dist. Wayne No. 01CA0034, 2002-Ohio-2320, ¶ 10. Only where the evidence presented weighs heavily in favor of the party seeking reversal will the appellate court reverse. *Id.* Manifest weight of the evidence pertains to the burden of persuasion. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 19. "In weighing the evidence, the court of appeals must always be mindful of the presumption in favor of the finder of fact." *Id.* at ¶ 21.

{¶14} As noted above, Certain Care presented evidence of the value of the benefit conferred. Although the witnesses called by Ms. Mikitka offered testimony of their dissatisfaction

with the services provided and of conflict and animosity between themselves and Ms. Turner, no alternative value of the services was established, and evidence as to the value of those services was essentially uncontroverted. Ms. Mikitka has failed to show that the trial court clearly lost its way or created a manifest miscarriage of justice in determining the amount of damages, and we accordingly conclude its judgment was not against the manifest weight of the evidence.

{¶15} Ms. Mikitka's second assignment of error is overruled.

III.

{¶16} Ms. Mikitka's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
<u>CONCURS.</u>

CARR, P. J.
<u>DISSENTING.</u>

{¶17}  I respectfully dissent from the majority opinion in regard to its resolution of the first assignment of error as I believe that the trial court calculated damages from a breach of contract perspective instead of calculating the reasonable value of the services rendered by Certain Care.

{¶18}  As noted by the majority, a party may recover for the value of the services rendered in the absence of a contractual agreement under circumstances where denying such recovery would unjustly enrich the opposing party.  *Clifton v. Johnson*, 4th Dist. Pickaway No. 18CA13, 2019-Ohio-2702, ¶ 19.  As the Fourth District explained in *Clifton*, however, a calculation of damages for unjust enrichment is fundamentally different than a calculation of damages for a contract breach.  *Id*.  A party injured by a breach of contract is generally entitled to realize the benefit of his bargain, meaning he is placed in a position that is as good as where he would have been had the contract been performed.  *Id*. at ¶ 18.  On the other hand, a claim for unjust enrichment seeks not to compensate the plaintiff for loss or damage but to appropriately "compensate him for the benefit that he has conferred on a defendant." (Internal quotations and citations omitted.)  *Id*. at ¶ 19.  The value of the services conferred is measured by the monetary amount expended for the

services in addition to the materials utilized by the plaintiff in rendering services to the defendant. *Id.* In resolving the conflict in *Clifton*, the Fourth District observed that "[w]hile a court has discretion in awarding an equitable remedy like quantum meruit, an award for quantum meruit based on the benefit of the bargain and profit from a contract are not permissible remedies because they are contract damages based on a meeting of the minds." *Id*. at ¶ 23, citing *Rasnick v. Tubbs*, 126 Ohio App.3d 431, 437 (3d Dist.1998); *see also Green Garden Packaging Co., Inc. v. Schoenmann Produce Co., Inc.*, Tex. App. No. 01-09-00924-CV, 2010 WL 4395448, *6-7 (Nov. 4, 2010) (noting that the evidence necessary to establish damages for unjust enrichment is distinct from the evidence necessary to establish damages for a breach of contract).

{¶19} Upon a review of the record in this case, I would conclude that the trial court's damages calculation was based on the benefit of Certain Care's bargain with Ms. Mikitka. Accordingly, I would hold that this was not an appropriate award of damages on the basis of unjust enrichment. As I do not think Certain Care presented sufficient evidence to establish the reasonable value of the services rendered to Ms. Mikitka, I would sustain the first assignment of error.

APPEARANCES:

LEIGH S. PRUGH, Attorney at Law, for Appellant.

JONATHAN F. SOBEL, Attorney at Law, for Appellee.