[Cite as *KN Excavation, L.L.C. v. Rockmill Brewey, L.L.C.*, 2022-Ohio-3414.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| KN EXCAVATION LLC | : | JUDGES: |
| | : | |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2021 CA 00034 |
| | : | |
| ROCKMILL BREWERY LLC, ET AL. | : | |
| | : | |
| | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Fairfield County Court
                             of Common Pleas, Case No.
                             2020CV418

JUDGMENT:     AFFIRMED IN PART; REVERSED AND
              VACATED IN PART; JUDGMENT
              ENTERED PURSUANT TO APP.R.
              12(C)(1)

DATE OF JUDGMENT ENTRY:     September 27, 2022

APPEARANCES:

For Plaintiff-Appellee:                    For Defendants-Appellants:

KOREY M. KIDWELL                           ADAM F. FLOREY
JEREMY R. ABRAMS                           5 E. Long St., Suite 600
CYNTHIA A. CUNNINGHAM                       Columbus, OH 43215
112 North Main St.
Mount Vernon, OH 43050

*Delaney, J.*

{¶1} Defendants-Appellants Rockmill Brewery LLC, Hocking Headwaters RE Holding LLC, and Matthew Barbee (hereinafter "Rockmill") appeal the October 25, 2021 and December 8, 2021 judgment entries of the Fairfield County Court of Common Pleas.

## FACTS AND PROCEDURAL HISTORY

### Septic System and Parking Lot Construction

{¶2} Plaintiff-Appellee KN Excavation LLC is in the business of doing residential and commercial site development, septic, and general excavation. On April 12, 2019, KN Excavation and Rockmill executed a written contract for the installation of a new septic system. The original contract amount was $84,705 and with a change order, the amount due and owing under the septic system contract was $86,129.

{¶3} During the discussion for the septic system contract, Rockmill inquired about building two parking lots and doing landscape-type work. KN Excavation provided Rockmill with a written estimate and Rockmill told KN Excavation to go forward with the work on the parking lots and landscaping, but the parties did not enter into a written contract for the work. KN Excavation provided Rockmill with invoices for the parking lot work on a "time and materials" basis.

{¶4} The work began in May 2019 and KN Excavation provided Rockmill with invoices for time and materials. All work was completed on the project in September 2019. Rockmill paid all the invoices related to the septic system contract in the amount of $86,129. Rockmill paid some invoices related to the parking lot work, but in November 2019, Rockmill questioned the invoices and made no further payments.

**Complaint**

{¶5} On November 9, 2020, KN Excavation refiled its complaint against Defendants-Appellants Rockmill Brewery LLC, Hocking Headwaters RE Holding LLC, and Matthew Barbee with the Fairfield County Court of Common Pleas. KN Excavation brought claims for breach of contract and unjust enrichment seeking damages in the amount of $87,416.17 for unpaid construction work.

{¶6} Rockmill filed a motion for summary judgment on August 13, 2021. In its motion for summary judgment, Rockmill argued it was entitled to judgment as a matter of law on KN Excavation's claims for breach of contract and unjust enrichment. On October 7, 2021, the trial court found that based on the Civ.R. 56 evidence, there was no genuine issue of material fact that a contract existed between KN Excavation and Rockmill for the septic system work and Rockmill complied with its contractual obligations as to the septic system work. Under KN Excavation's claim for unjust enrichment, the trial court found reasonable minds could come to differing conclusions as to whether Rockmill was unjustly enriched by the work KN Excavation completed on the parking lots and related projects. In support of its claim, the trial court found it was permissible for KN Excavation to present its estimate and invoices as to that work not to establish contractual damages, but to calculate the reasonable costs of the work performed or benefit conferred. The claim for unjust enrichment was set for a bench trial.

**Bench Trial**

{¶7} The matter came on for a two-day bench trial. KN Excavation presented the testimony of Nathan Otto, the owner of KN Excavation. He explained how he and Defendant-Appellant Matthew Barbee discussed the installation of the new septic system,

which led to a discussion of building two parking lots and doing landscape-type work. Otto provided Barbee a contract for the septic system and a written estimate for putting down stone in the two parking lots. The written estimate for $97,000 included materials and the cost to place the materials but did not include preparatory work. KN Excavation started work in May 2019. KN Excavation billed Rockmill for time and material.

{¶8} Otto was presented the invoices for the work performed on the parking lot and landscaping and he described the work invoiced therein. Otto testified that rates in the invoices were standard for KN Excavation in 2019.

{¶9} Some of the work performed and billed for was at the request of the mother of Defendant-Appellant Matthew Barbee, who resided on the property where KN Excavation was working. Otto testified there were three unpaid invoices totaling $87,416.17: Exhibit F for $36,880, Exhibit H for $42,120.39, and Exhibit I for $8,415.78. Exhibit F was invoiced on July 18, 2019 for stone for the parking area on the north side of the road and the three days of equipment and labor to place the stone. Exhibit H was invoiced on September 5, 2019 that involved 13 days of labor such as grading, cutting firewood, digging up tree stumps, moving rocks, moving a small building, pouring a concrete pad, installing a new driveway, seeding and strawing, and other landscape work. Exhibit I was invoiced on October 22, 2019 for work completed on September 19, 2019 that involved spreading limestone over the driveway and parking areas. In August, Barbee sent Otto emails requesting at least 14 additional tasks to be completed in the project, which KN Excavation completed and invoiced to Rockmill. Otto testified that Rockmill never expressed dissatisfaction with the construction work and had not questioned the invoices until November 20, 2019.

{¶10} In support of KN Excavation's case, it presented Exhibit Q, an Excel spreadsheet used by KN Excavation to keep daily track of the equipment used, hourly labor, and a brief description of the work. Nathaniel Stover was responsible for inputting the data into Exhibit Q, which he then used to create the invoices and bills. Stover and Otto testified that the crew leader would fill out daily sheets, which recorded the hourly employees' time. Stover inputted the daily sheet data into Exhibit Q. The labor hours recorded in Exhibit Q included only hourly employees, not salaried employees. During the Rockmill construction project, Stover spoke with Austin Warner, the field supervisor and Project Superintendent, multiple times a day regarding the data for Exhibit Q. Warner testified that he was at the job site every day.

{¶11} On November 20, 2019, Otto, Stover, Barbee, and Barbee's attorney met at the Rockmill property. Otto and Stover testified that Barbee and the attorney questioned the billing and would not pay the balance of the outstanding invoices.

{¶12} Barbee testified that he was generally satisfied with the work completed by KN Excavation, but there were some areas that were improperly done. KN Excavation made the repairs, but Barbee felt he was improperly charged for the repairs. In order to pay for the construction project, Barbee had obtained an equity line of credit through Live Oak Bank for approximately 1.4 million dollars. Live Oak Bank paid the KN Excavation invoices directly. Barbee received copies of the invoices, but he did not check the invoices because he assumed Live Oak Bank was reviewing the invoices. At the conclusion of the construction project and when the unpaid invoices were issued, Barbee testified the funds in the equity line were very close to being diminished.

**Judgment**

{¶13} At the conclusion of the parties' evidence, the trial court ruled from the bench. The trial court noted that it would be understandable for Rockmill to question the expensive invoices at the end of the project, but the evidence showed that Rockmill requested multiple tasks at the end of the project of which KN Excavation and Rockmill discussed through emails. The evidence also showed that Rockmill relied upon Live Oak Bank to monitor the invoices with the work completed. Upon review of the invoices, the trial court found that there were billing errors that benefited either KN Excavation or Rockmill; however, the crux of the case was not the legitimacy of the invoices and Rockmill's overpayment but rather Rockmill's inability to pay the remaining invoices. The trial court concluded, "[b]ut because of the billing practices and some of the confusion causes – and when I say confusion, I say fixed – we'll just say fixed cost projects versus time and material projects, because there's some overlap, I am going to make an adjustment for that. But I do believe that the Defendant did receive a lot of services it has yet to pay. So what I'm going to do is simply come up with a number * * * And so the amount that I believe is fair today is $70,000 that is still owed by the Defendant to the Plaintiff." (T. 450). The trial court next ordered awarded prejudgment interest at five percent per annum from November 20, 2019. (T. 451).

{¶14} The trial court memorialized its judgment via an entry filed on October 25, 2021.

{¶15} On October 22, 2021, Rockmill requested findings of fact and conclusions of law. The trial court issued its findings of fact and conclusions of law on December 8, 2021, awarding KN Excavation $70,000 based on its claim for unjust enrichment. It further

ordered, pursuant to R.C. 1343.03, prejudgment interest from November 20, 2019 at the rate of five percent per annum.

{¶16} It is from this judgment that Rockmill now appeals.

## ASSIGNMENTS OF ERROR

{¶17} Rockmill raises three Assignments of Error:

{¶18} "I. THE TRIAL COURT ERRED BY AWARDING DAMAGES WITHOUT THE BENEFIT OR CONSIDERATION OF COMPETENT CREDIBLE EVIDENCE.

{¶19} "II. THE TRIAL COURT ERRED BY AWARDING DAMAGES FOR UNJUST ENRICHMENT WITHOUT THE BENEFIT OF ANY COMPETENT CREDIBLE EVIDENCE.

{¶20} "III. THE COURT ERRED AS A MATTER OF LAW BY AWARDING PREJUDGMENT INTEREST ON A CLAIM FOR UNJUST ENRICHMENT."

## ANALYSIS

### I. and II.

{¶21} In Rockmill's first Assignment of Error, it contends the trial court's award of $70,000 in damages to KN Excavation was not based on competent or credible evidence. In its second Assignment of Error, Rockmill contends the evidence presented by KN Excavation did not demonstrate Rockmill was unjustly enriched. We consider Rockmill's first and second Assignments of Error together because they are based on the same evidentiary foundation.

{¶22} The trial court conducted a bench trial in this case. In *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, the Ohio Supreme Court clarified the standard of review appellate courts should apply when assessing the manifest weight

of the evidence in a civil case. The Ohio Supreme Court held the standard of review for manifest weight of the evidence for criminal cases stated in *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997), is also applicable in civil cases. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517. A reviewing court is to examine the entire record and determine "whether in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered." *Id.*; *see also Sheet Metal Workers Local Union No. 33 v. Sutton*, 5th Dist. Stark No. 2011 CA 00262, 2012-Ohio-3549. "In a civil case, in which the burden of persuasion is only by a preponderance of the evidence, rather than beyond a reasonable doubt, evidence must still exist on each element (sufficiency) and the evidence on each element must satisfy the burden of persuasion (weight)." *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517.

{¶23} As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. *Markel v. Wright*, 5th Dist. Coshocton No. 2013CA0004, 2013-Ohio-5274. Further, "an appellate court should not substitute its judgment for that of the trial court when there exists * * * competent and credible evidence supporting the findings of fact and conclusion of law." *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). The underlying rationale for giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony. *Id.* Accordingly, a trial court may believe all, part, or none of the testimony of any witness who appears before it. *Rogers v. Hill*, 124 Ohio App.3d 468, 706 N.E.2d 438 (4th Dist. 1998).

**Unjust Enrichment**

{¶24} KN Excavation brought its claim against Rockmill under the doctrine of unjust enrichment. The doctrine of unjust enrichment "applies when a benefit is conferred and it would be inequitable to permit the benefitting party to retain the benefit without compensating the conferring party." *Garb-Ko, Inc. v. Benderson*, 10th Dist. Franklin No. 12AP-430, 2013-Ohio-1249. The purpose of an unjust enrichment claim is not to compensate the plaintiff for loss or damage suffered by the plaintiff, but to enable the plaintiff to recover the benefit he conferred on the defendant when it would be unjust for the defendant to retain the benefit. *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 2005-Ohio-4985, 834 N.E.2d 791. The elements of an unjust enrichment claim are: (1) the plaintiff conferred a benefit on the defendant; (2) the defendant knew of the benefit; and (3) it would be unjust to allow the defendant to retain the benefit without payment to the plaintiff. *Robinette v. PNC Bank*, 5th Dist. Licking No. 15-CA-47, 2016-Ohio-767. The damages for unjust enrichment are "the amount the defendant benefited." *Bollman v. Lavery Automotive Sales & Serv.*, LLC, 5th Dist. Stark No. 2019CA00025, 2019-Ohio-3879. Unjust enrichment entitles a party only to restitution of the reasonable value of the benefit conferred. *FedEx Corp. Services, Inc. v. Heat Surge, LLC*, 5th Dist. Stark No. 2018CA00026, 2019-Ohio-217.

{¶25} A trial court has broad discretion when it fashions an equitable remedy. *Jon Harmon Ents. Ltd. v. Kinsey*, 5th Dist. Tuscarawas No. 2008 AP 12 0074, 2009-Ohio-5655, ¶ 20-21. The award of quantum meruit is reviewed under the abuse of discretion standard. The Supreme Court has defined the term "abuse of discretion" as

demonstrating the court was unreasonable, arbitrary, or unconscionable. *See Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶26} The complexity of this case lies in the determination of damages. Rockmill contends the trial court erred in its determination of damages as on the sufficiency and manifest weight of the evidence. Rockmill argues the trial court based its award solely on the unpaid invoices, which is appropriate for determining contracts damages but not for a claim of unjust enrichment where the award is to be based on the reasonable value of the benefit conferred. In a breach of contract action, damages "are those which are the natural or probable consequences of the breach of contract or damages resulting from the breach that were within the contemplation of both parties at the time of the making of the contract." *Thompson Thrift Construction v. Lynn*, 5th Dist. No. 16 CAE 10 0044, 2017-Ohio-1530, 89 N.E.3d 249, 2017 WL 1464667, ¶ 100 quoting *Campbell Hospitality, Inc. v. Shinn*, 5th Dist. Licking No. 02-CA-104, 2003-Ohio-5165, 2003 WL 22232650. Damages for breach of contract must be proven with reasonable certainty. *Id.*

{¶27} In an unjust enrichment claim, the recovery does not rest upon the intentions of the parties; therefore, the calculation of damages for unjust enrichment are different than for breach of contract. *Certain Care, LLC v. Mikitka*, 9th Dist. Lorain No. 19CA011544, 2020-Ohio-3544, ¶ 6 citing *Clifton v. Johnson*, 4th Dist. Pickaway No. 18CA13, 2019-Ohio-2702, ¶ 19. Because an unjust enrichment award is intended not to compensate the plaintiff for any loss or damage suffered by it but to compensate it for the benefit it conferred upon the defendant, a party may recover the reasonable value of services in the absence of an express contract if denying such recovery would unjustly enrich the defendant. *Certain Care*, 2020-Ohio-3544 at ¶ 6 citing *Clifton*, 2019-Ohio-2702

at ¶ 19. In *Clifton v. Johnson*, 4th Dist. Pickaway No. 18CA13, 2019-Ohio-2702, the Fourth District determined the reasonable value conferred is the monetary amount expended for the services provided and material used by the plaintiff to the benefit of the defendant. *Clifton* at ¶ 19. The court held, "We agree that evidence of profits could be used to assist a trial court in determining quantum meruit, but Appellees can be compensated for an unjust enrichment claim only in the amount of the reasonable value of the services or materials conferred by Appellees upon the Appellants, not the 'benefit-of-the-bargain' compensation from a contract to which Appellees are not a party." *Clifton* at ¶ 19. This Court has likewise held that unjust enrichment entitles a party to restitution of the reasonable value of the benefit conferred. *See Fortney v. McQuillen*, 5th Dist. Ashland No. 19-COA-025, 2019-Ohio-4941, ¶ 20.

{¶28} In this case, we find the trial court appropriately considered the invoices presented by KN Excavation to determine the reasonable value of the benefit conferred upon Rockmill. The reasonable value conferred is the monetary amount expended for the services provided and material used by KN Excavation for the benefit of Rockmill. KN Excavation presented the testimony of the owner of KN Excavation, the bookkeeper for KN Excavation, and the KN Excavation project supervisor for the Rockmill construction project. The witnesses testified as to the services provided to Rockmill, The witnesses testified to the cost of the materials, equipment, and labor used by KN Excavation to complete Rockmill's requested tasks. Unpaid and paid invoices were introduced and compared to Exhibit Q, the spreadsheet created by the bookkeeper with information from the project supervisor, demonstrating the services provided and the costs of those services. Barbee corroborated that he made the requests for services from KN

Excavation, as evidenced by his emails to KN Excavation. There was no alternative evidence provided as to the value of the services.

{¶29} Rockmill contends the trial court erred when it "came up with a number" at the conclusion of bench trial, awarding $70,000 to KN Excavation. "A reviewing court ordinarily will uphold a trial court's damage award if it is not against the manifest weight of the evidence." *Brooks v. RKUK, Inc.*, 5th Dist. Stark No. 2021CA00048, 2022-Ohio-266, 2022 WL 279013, ¶¶ 55-56 quoting *Clark v. Enchanted Hills Community Assn.*, 4th Dist. Highland No. 19CA4, 2020-Ohio-553, 2020 WL 807069, ¶ 9 citing *Downard v. Gilliland*, 4th Dist. Jackson No. 07CA11, 2008-Ohio-3155, at ¶ 7. *See Shemo v. Mayfield Hts.*, 88 Ohio St.3d 7, 10, 722 N.E.2d 1018 (2000); *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus. This standard of review is highly deferential and even "some" evidence is sufficient to support a court's judgment and to prevent a reversal. *Id.* citing *Barkley v. Barkley*, 119 Ohio App.3d 155, 159, 694 N.E.2d 989 (4th Dist.1997); *Willman v. Cole*, 4th Dist. Adams No. 01 CA725, 2002-Ohio-3596, ¶ 24. "[A]n appellant's disagreement with the trier of fact as to the appropriate amount of damages is not grounds for reversal." *Sotnyk v. Guillenno*, 6th Dist. Lucas No. L-13-1198, 2014-Ohio-3514, 2014 WL 4049863, ¶ 11.

{¶30} Based on the trial court's statement at the bench trial before making the award and its findings of fact and conclusions of law, we find the trial court's award was supported by competent, credible evidence and not against the manifest weight of the evidence. The trial court considered the witness testimony and invoice evidence to find there were billing errors, both for and against Rockmill. It was undisputed, however, that Rockmill received the benefit of services from KN Excavation for which it did not pay. In

weighing the evidentiary conflicts in the billing, the trial court found the reasonable value of the benefit conferred upon Rockmill was $70,000, not the requested $87,416.17.

{¶31} A reasonable trier of fact could find in favor of KN Excavation that the reasonable value of the benefit conferred upon Rockmill was $70,000. The witness testimony, supported by the invoices and Exhibit Q, provided evidence of the reasonable value of services and KN Excavation met its burden of production by proving its damages by a preponderance of the evidence.

{¶32} Rockmill's first and second Assignments of Error are overruled.

**III.**

{¶33} In its third Assignment of Error, Rockmill argues the trial court erred as a matter of law in ordering prejudgment interest on its damages award based on a claim for unjust enrichment. We agree.

{¶34} R.C. 1343.03(A) governs prejudgment interest and states:

In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code, unless a written contract provides a different rate of interest in relation to the money that becomes due and

payable, in which case the creditor is entitled to interest at the rate provided in that contract.

{¶35} A trial court's determination of whether to grant prejudgment interest is to be upheld absent an abuse of discretion. *Lycan v. City of Cleveland*, 2019-Ohio-3510, 142 N.E.3d 210, ¶ 52 (8th Dist.).

{¶36} R.C. 1343.03(A) requires an award of prejudgment interest on contract claims. Once a plaintiff receives judgment on a contract claim and requests prejudgment interest, the trial court must award prejudgment interest under R.C. 1343.03(A). *Cantwell Mach. Co. v. Chicago Mach. Co.*, 10th Dist. No. 08AP-1040, 184 Ohio App.3d 287, 2009-Ohio-4548, 920 N.E.2d 994, 2009 WL 2783956, ¶ 30 citing *Zunshine v. Cott*, 10th Dist. No. 06AP–868, 2007-Ohio-1475, 2007 WL 926969, ¶ 25.

{¶37} In this case, the trial court granted summary judgment in favor of Rockmill on KN Excavation's claim for breach of contract so that the only claim pending before the trial court was unjust enrichment. The trial court found in favor of KN Excavation on its unjust enrichment claim. The Second, Eighth, and Tenth District Courts of Appeals have held that a claim of unjust enrichment does not support an award of prejudgment interest under R.C. 1343.03(A). *Advanced Marketing Services, Inc. v. Dayton Data Processing*, 2nd Dist. Montgomery No. 12607, 1992 WL 41822 (March 6, 1992), *10; *L. Worthey Dump Truck Co. v. Glenbrook Apts.*, 8th Dist. No. 50680, 1986 WL 6362 (June 5, 1986); *Lycan v. City of Cleveland*, 2019-Ohio-3510, 142 N.E.3d 210, ¶ 53 (8th Dist.); *Maintenance Unlimited, Inc. v. Salemi*, 18 Ohio App.3d 29, 480 N.E.2d 113, (8th Dist.1984); *Cantwell Mach. Co. v. Chicago Mach. Co.*, 10th Dist. No. 08AP-1040, 184 Ohio App.3d 287, 2009-Ohio-4548, 920 N.E.2d 994, 2009 WL 2783956, ¶ 31; *Servpro of*

*Northeast Columbus v. Reconstruction, Inc.*, 10th Dist. No. 90AP–1400, 1991 WL 224489 (Aug. 22, 1991); *see also Wallick v. Lent*, 5th Dist. Tuscarawas No. 2008 AP 05 0034, 2009-Ohio-1399 (affirming a judgment as not against the manifest weight of the evidence wherein the trial court awarded prejudgment interest on a breach of contract claim but denied prejudgment interest on the unjust enrichment claim); *contra Desai v. Franklin*, 177 Ohio App.3d 679, 2008-Ohio-3957, 895 N.E.2d 875, ¶ 32 (9th Dist.) (claim for unjust enrichment allows for award of prejudgment interest pursuant to R.C. 1343.03(A) because an unjust enrichment claim is "quasi-contractual").

{¶38} The courts' reasoning that R.C. 1343.03(A) does not permit prejudgment interest for unjust enrichment claims is based on the nature of unjust enrichment and the language of the statute. The plain language of R.C. 1343.03(A) states in pertinent part that "when money becomes due and payable upon * * * all judgments, decrees, and orders of any tribunal for the payment of money arising out of * * * a contract[,] * * * the creditor is entitled to interest." The Ninth District held in *Desai v. Franklin*, 177 Ohio App.3d 679, 2008-Ohio-3957, 895 N.E.2d 875, that unjust enrichment was within the purview of R.C. 1343.03(A) because "a claim for unjust enrichment constitutes a quasi-contractual claim." *Id.* at ¶ 32. The holdings of Second, Eighth, and Tenth Districts do not dispute that an unjust enrichment claim is quasi-contractual; instead, the decisions recognize the quasi-contractual nature of an unjust enrichment claim in that it is *not* a contract with the recognizable essential elements of a contract such as consideration, meeting of the minds, offer, and acceptance. A claim for unjust enrichment is "based upon a promise implied by law * * * to pay a reasonable amount for services rendered and accepted in order to prevent unjust enrichment." *Aquatic Renovations Systems, Inc. v.*

*Village of Walbridge*, 6th Dist. No. WD-17-038, 2018-Ohio-1430, 110 N.E.3d 877, 2018 WL 1779367, ¶ 46. "Unjust enrichment occurs when a person 'has and retains money or benefits which in justice and equity belong to another.'" *Id.* at ¶ 47 quoting *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 2005-Ohio-4985, 834 N.E.2d 791, ¶ 20, quoting *Hummel v. Hummel*, 133 Ohio St. 520, 528, 14 N.E.2d 923 (1938). "The amount of damages in an unjust enrichment claim are by their very nature uncertain until the court determines the amount to which the defendant has benefited and it would be unjust not to award damages to the plaintiff." *Advanced Marketing Services, Inc. v. Dayton Data Processing*, 2nd Dist. Montgomery No. 12607, 1992 WL 41822 (March 6, 1992), *10. This question of damages was present in this case, where after the trial court determined there was a promise implied by law to pay a reasonable amount for services rendered and accepted, it found that Rockmill benefitted from KN Excavation's services in the amount of $70,000, which was $17,416.17 less than KN Excavation demanded.

{¶39} In this case, we follow the reasoning of the Second, Eighth, and Tenth District Courts of Appeal that R.C. 1343.03(A) does not allow for an award of prejudgment interest on a judgment for unjust enrichment. Because KN Excavation received a judgment only on its claim for unjust enrichment, the trial court abused its discretion when it awarded prejudgment interest to KN Excavation under R.C. 1343.03(A).

{¶40} Rockmill's third Assignment of Error is sustained. We accordingly reverse and vacate the judgment of the trial court to award prejudgment interest under R.C. 1343.03(A).

{¶41} Pursuant to App.R. 12(C)(1), we render judgment affirming the trial court's an award of $70,000 to KN Excavation and order that KN Excavation is not entitled to award of prejudgment interest under R.C. 1343.03(A).

## CONCLUSION

{¶42} The judgment of the Fairfield County Court of Common Pleas is affirmed in part; reversed and vacated in part; and judgment entered pursuant to App.R. 12(C)(1).

By: Delaney, J.,

Wise, Earle, P.J. and

Baldwin, J., concur.